**William BANKS, Appellant**

v.

**The STATE of Texas, Appellee.**

No. 14–03–00149–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 23, 2003.

Sandy Melamed, Houston, for appellants.

Donald W. Rogers, Jr., for The State of Texas.

Panel consists of Justices LESLIE BROCK YATES, HUDSON, and FOWLER.

## OPINION

LESLIE BROCK YATES, Justice.

Appellant William Banks was found guilty of the offense of possession of more

than four grams and less than 200 grams of cocaine with the intent to deliver. The trial court sentenced him to 25 years' confinement. In two points of error, appellant claims the evidence is legally and factually insufficient to support the jury's verdict. We affirm.

On March 7, 2002, Officers Jason Alderete and Darrin Schlosser were patrolling a "problem area" in Houston, Texas. As the officers drove past a food market, Officer Alderete observed appellant and several other individuals in front of the store. Appellant took something out of his mouth and handed it to one of the individuals, who quickly walked away when he noticed the police. Officer Alderete testified that, at the time, he believed he was witnessing a drug transaction because drug dealers often keep their narcotics in their mouths. The officers stopped and got out of their patrol car. Officer Alderete then asked appellant to come over to him. However, appellant briskly walked inside the store.

The officers followed appellant into the store. They saw appellant walk up to a store clerk, Clifford Williams. Appellant then spit something into his hand, and handed it to Williams. Williams walked toward the rear of the store; appellant walked toward the front of the store. Officer Alderete followed Williams to the back of the store and into a storeroom. From a distance of less than three feet, the officer saw Williams drop several "rocks" of what appeared to be cocaine onto the storage room floor. Williams told the officer that appellant had just handed him the rocks. Officer Alderete collected the discarded material, which was wet with saliva. It, in fact, tested positive as cocaine. Appellant confessed in the patrol car that he was forced to sell drugs in order to take care of a disabled aunt.

■■■ Appellant's first point of error challenges the legal sufficiency of the evidence. In reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We accord great deference "to the responsibility of the trier of fact [to resolve fairly] conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.* We presume that any conflicting inferences from the evidence were resolved by the jury in favor of the prosecution, and we defer to that resolution. *Id.* at 326, 99 S.Ct. 2781. In our review, we determine only whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319, 99 S.Ct. 2781.

■■■ The elements of the offense for which appellant was convicted are that a person knowingly or intentionally possesses cocaine with the intent to deliver. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (Vernon Supp.2003). Furthermore, the offense is a first degree felony "if the amount of the controlled substance to which the offense applies is, by aggregate weight, including adulterants or dilutants, four grams or more but less than 200 grams." *Id.* at § 481.112(d). Appellant argues there was no testimony that all of the cocaine found in the storage room was the result of the transfer from appellant to Williams. Appellant contends that the evidence is, therefore, legally insufficient to attribute to him the entire quantity of narcotics found on the floor.

Officers Schlosser and Alderete testified they saw appellant hand something to Williams in the store. Williams then walked toward the rear of the store. Officer Alderete followed Williams into a storeroom. Officer Alderete testified that, from a distance of less than three feet, he saw Williams drop several rocks of what

appeared to be cocaine onto the storage room floor. Williams testified that when appellant handed him the rocks of cocaine he panicked, went to the back of the store, and dropped them on the floor. He said he told the officer that appellant had just handed him the rocks and then directed Officer Alderete to where he had dropped the cocaine. Officer Alderete stated he collected the discarded material, and it was still wet with saliva. A Houston Police Department chemist also testified the cocaine she tested was still moist, indicating it had been wet. Appellant argues there was no evidence that anyone had searched the area prior to the incident and that Williams admitted to being a cocaine user. Because the store was in an area known to have high drug usage, appellant contends that there was no evidence that all of the cocaine found on the floor of the store came directly from appellant—he proffers that some of it may have already been in that area of the store.

■ Although the officers testified that the store was located in an area known for its drug use and Williams was an admitted cocaine user, the jury, as finder of fact, is the exclusive judge of the credibility of the witnesses and the weight to be afforded their testimony. *Wyatt v. State*, 23 S.W.3d 18, 23 (Tex.Crim.App.2000). We find that given this evidence, a rational trier of fact could have found the essential elements of the crime. Specifically, a rational trier of fact could have found that the amount of cocaine recovered by Officer Alderete on the storage room floor was the same amount of cocaine appellant handed to Williams. Therefore, we overrule appellant's first point of error.

■ In his second point of error, appellant challenges the factual sufficiency of the evidence to establish his responsibility for the amount of narcotics charged in the indictment.[1] We conduct a factual sufficiency review by reviewing all the evi-

---

1. The State contends that appellant forfeited his right to raise this error on appeal because he failed to contend that the evidence was factually insufficient at any time before the trial court. The State argues that a recent amendment to rule 33.1, adding subsection (d), now requires that criminal defendants preserve factual sufficiency challenges in jury trials. Subsection (d) provides that a complaint regarding the legal or factual sufficiency of the evidence in a *nonjury* case may be made for the first time on appeal. Tex.R.App. P. 33.1(d) (emphasis added). The State contends that, by implication, the amendment recognizes the general rule—that complaints must be preserved to ensure appellate review—applies to all cases tried before a jury. We disagree. In criminal cases, an appellate court must always review challenges to the sufficiency of the evidence. *Rankin v. State*, 46 S.W.3d 899, 901 (Tex.Crim.App.2001). "A claim regarding sufficiency of the evidence need not be preserved for review at the trial level and is not waived by the failure to do so." *Id.; see also Grayson v. State*, 82 S.W.3d 357, 358–59 (Tex.App.-Austin 2001, no pet.) (holding that factual sufficiency claim need

not be preserved pursuant to Texas Rule of Appellate Procedure 33.1); *Davila v. State*, 930 S.W.2d 641, 648 (Tex.App.-El Paso 1996, pet. ref'd) (holding civil factual sufficiency preservation requirements do not apply in criminal context). Moreover, the commentary to the 2002 amendments indicates that the addition of subsection (d) was to reinstate the substance of former rule 52(d). *See* Pamela Stanton Baron, William V. Dorsaneo, III, & W. Wendall Hall, *The 2002 Amendments to the Texas Rules of Appellate Procedure with Commentary*, 16th Annual Advanced Civil Appellate Practice Course (September 12, 2003) (available at **www.tex-app.org**). Former rule 52(d) specifically provided that a party desiring to raise a legal or factual sufficiency complaint on appeal in a non-jury case was not required to comply with rule 52(a)'s general preservation requirement. When rule 52(d) was deleted, confusion was created over whether a party must take affirmative steps in a civil non-jury trial to preserve legal and factual sufficiency challenges. *Id.* The addition of subsection (d) was targeted at clarifying this issue. *Id.*

dence in a neutral light to determine whether (1) the proof of guilt is so obviously weak as to undermine confidence in the jury's determination or (2) the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim.App.2000). We may set aside the jury's verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App. 1996). Although we review the fact finder's weighing of the evidence and are authorized to disagree with the fact finder's determination, our evaluation should not substantially intrude upon the fact finder's role as the sole judge of the weight and credibility given to witness testimony. *Johnson*, 23 S.W.3d at 7. In particular, we must defer to the jury's determination concerning what weight to give contradictory testimonial evidence, because resolution often turns on an evaluation of credibility and demeanor, an evaluation better suited for jurors who were in attendance when the testimony was delivered. *Id.* at 8.

Appellant claims the evidence linking him to possession of the amount of cocaine charged in the indictment is too weak to sustain his conviction. Specifically, appellant contends the evidence at trial only indicated that appellant placed some cocaine into the hand of Williams and that Williams discarded that cocaine in the storage room at the back of the store. Because appellant makes the same contention in this challenge—that not all of the cocaine recovered from the storeroom floor is traceable to him—as he did in his challenge to the legal sufficiency of the evidence, the relevant testimony of Officers Schlosser and Alderete and Williams need not be restated here. Taking that evidence as a whole and viewing it in a neutral light, we cannot say the jury's verdict was clearly wrong or manifestly unjust.

We overrule appellant's second point of error.

We affirm the trial court's judgment.