Affirmed and Memorandum Opinion filed January 11, 2005









Affirmed and Memorandum Opinion filed January 11,
2005.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-01189-CR

____________

 

ALEX NEGROTTO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 208th
District Court

Harris County, Texas

Trial Court Cause No. 935,401

 



 

M E M O R A N D U M   O P I N I O N

Appellant was indicted, in two separate
cause numbers, for aggravated assault of a public servant and aggravated
assault.[1]  After waiving his right to a jury trial,
appellant was convicted of aggravated assault of a public servant and sentenced
to thirty years in the Texas Department of Criminal Justice, Institutional
Division.  In his sole point of error,
appellant asserts the evidence was factually insufficient to prove he knew the
man he threatened with a gun was a public servant.  We affirm.








I.        Factual
and Procedural Background

On January 7, 2003, appellant came home to
the complainant’s trailer, where he had been living for roughly one month.[2]  When the two got home, and for no apparent
reason, appellant began striking the complainant; the record is unclear whether
he used his fists, a gun, or some combination of the two on the complainant.[3]  The complainant’s mother called 911, and
Deputy Shaddox was dispatched to the fight. 
He arrived between 8:00 and 9:00 p.m. with his patrol car’s lights and
sirens on.  When he arrived at the
trailer park, Deputy Shaddox left his car and approached on foot.  Deputy Shaddox saw the two men about 10 yards
from him and saw appellant was holding a twelve-gauge, sawed-off shotgun.  Deputy Shaddox, who was in his full police
uniform, shined his flashlight at appellant and ordered him to drop the gun and
get down on the ground.[4]  Deputy Shaddox fired his gun when appellant
continued to walk towards him with the shotgun pointed at the deputy.

The State charged appellant with
aggravated assault of a public servant. 
Appellant waived his right to a jury trial and the trial judge found him
guilty of the charged offense.  The trial
judge found the enhancement paragraphs were true and sentenced appellant to
thirty years’ confinement in the Texas Department of Criminal Justice,
Institutional Division.  Appellant now
asks this court to decide whether the evidence was factually sufficient to
support his conviction.

II.       Factual
Sufficiency Challenge








To prove appellant was guilty of the
charged offense, the State was required to prove appellant knew the person he
assaulted was a public servant.  Tex. Penal Code § 22.02 (b)(2) (making
it a first degree felony to commit aggravated assault against a person the
actor “knows is a public servant”); Salazar v. State, 643 S.W.2d 953,
956 (Tex. Crim. App. 1983) (en banc) (“[T]he State must [] prove the defendant
knew . . . that he was assaulting a peace officer . . . .”).  Appellant argues on appeal, as he testified
at trial, that it was so dark that night that he could not see that Deputy
Shaddox was a police officer, and could not know the person he assaulted was a
public servant.  For this reason,
appellant contends the evidence was factually insufficient to convict him.[5]

In a factual sufficiency challenge, we
review all of the evidence in a neutral light. 
Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).  When we consider all of the evidence in this
neutral light, we ask whether the factfinder was rationally justified in
finding guilt beyond a reasonable doubt. 
Id.  The evidence is
factually insufficient if the evidence that supports the verdict is too weak to
support the finding of guilt beyond a reasonable doubt or if the evidence
contrary to the verdict is so strong that the beyond a reasonable doubt
standard could not have been met.  Id.
at 484–85.  We must defer to the
factfinder’s determinations on the weight to give contradictory witness
testimony because “resolution often turns on an evaluation of credibility and
demeanor, an evaluation better suited for [the factfinder] who [was] in
attendance when the testimony was delivered.” 
Banks v. State, 124 S.W.3d 879, 883 (Tex. App.—Houston [14th
Dist.] 2003, pet. ref’d) (citing Johnson v. State, 23 S.W.3d 1, 8 (Tex.
Crim. App. 2000)).








The following evidence supports the
verdict.  The complainant testified that,
while appellant was hitting him, he yelled to his mother to call 911.  Deputy Shaddox went to the trailer park with
his patrol car’s lights and sirens on. 
When Deputy Shaddox approached appellant, he was wearing his full police
uniform and there was light shining from the porches of the trailers.  Deputy Shaddox was only ten yards from
appellant and appellant had an opportunity to see Deputy Shaddox’s uniform when
he continued to walk towards the deputy, despite the deputy’s repeated requests
that appellant put down his gun and get on the ground.  Deputy Shaddox testified that he thought
there was enough light for appellant to see he was dressed in full police
uniform.  Deputy Shaddox also testified
that he was able to see the complainant had suffered a severe head injury; this
indicates there would have been sufficient light for appellant to see that
Deputy Shaddox was a police officer. 
This evidence is not so weak that it was unreasonable to find, beyond a
reasonable doubt, that appellant knew Deputy Shaddox was a police officer.  See Zuniga, 144 S.W.3d at 484.

Appellant points to the following evidence
as contrary to the verdict.  It was dark
when Deputy Shaddox arrived and, because the deputy was shining a flashlight
into appellant’s eyes, he was unable to see who was ordering him to drop
the gun and get on the ground.  Also,
Deputy Shaddox did not announce that he was a police officer.  And finally, according to appellant’s own
testimony, he was unaware that Deputy Shaddox was a police officer.  When we compare this contrary evidence to the
evidence cited above that supports the verdict, we cannot conclude that the
contrary evidence is so strong that the beyond-a-reasonable-doubt standard
could not have been met.  Id. at
484–85.  We find the evidence was
factually sufficient to support appellant’s conviction and affirm.

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed January 11, 2005.

Panel
consists of Chief Justice Hedges and Justices Fowler and Seymore.

Do
Not Publish — Tex. R. App. P.
47.2(b).











[1]  The aggravated
assault case is not part of this appeal.





[2]  The
complainant, a friend of appellant’s, had allowed appellant to stay at his
home, a trailer he shared with his mother. 
That night, the complainant had taken appellant to introduce him to
people who might be able to give appellant a job.





[3]  Regardless of
the method used, appellant beat the complainant so severely that he required
stitches and could not return to work for eight days.





[4]  Deputy Shaddox
testified that he asked appellant to drop his shotgun three to four times.  He also ordered appellant to get down on the
ground.





[5]  We address
appellant’s factual insufficiency claim despite his failure to raise it below
because a challenge to the evidence’s sufficiency at the trial court level is
not required.  See, e.g., Banks v.
State, 124 S.W.3d 879, 883 n.1 (Tex. App.—Houston [14th Dist.] 2003, pet.
ref’d) (citing Rankin v. State, 46 S.W.3d 899, 901 (Tex. Crim. App.
2001)).