Affirmed and Memorandum Opinion filed March 21, 2006









Affirmed
and Memorandum Opinion filed March 21, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00322-CR

____________

 

JASON
JADAR DUNCAN, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

_____________________________________________

 

On Appeal from the 232nd District Court

Harris
County, Texas

Trial Court Cause No. 1016840

_____________________________________________

 

M E M O R A N D U M   O P I N I O N

A jury convicted appellant Jason
Jadar Duncan of aggravated robbery and sentenced him to fifty years=
imprisonment.  In a single issue,
appellant claims the evidence was factually insufficient to support his
conviction.  We affirm.








Darlene Trimmer and her mother,
Marcia Trimmer, were robbed at gunpoint as Darlene drove Marcia home after
midnight on April 16, 2004.  When Darlene
pulled into the parking lot of Marcia=s
apartment complex, she and Marcia saw appellant and two accomplices engaged in
robbing a male apartment resident. 
According to Darlene, appellant approached her car with a .25 caliber
handgun, opened her car door, put the gun to her head, and stole her bag.  Marcia tried to walk away with her own purse,
which contained cash, several rings, and lottery tickets, and she struggled
with appellant for the purse before he took it. 
During the robbery, Darlene looked down and did not see appellant=s
face.  However, Marcia saw appellant=s face
clearly, both when the car=s dome
light illuminated him as he opened Darlene=s car
door and when his hood fell off as Marcia struggled with him for her
purse.  Both Darlene and Marcia said
appellant wore a dark jacket with a hood. 
Darlene testified that she saw one of appellant=s
accomplices as he robbed the male apartment resident and noticed he had a
sawed-off shotgun and wore a dark bandana. 
After the robbery, appellant and his accomplices fled on foot to their
car, which was parked out of sight nearby. 

A few hours later, police
followed a tip to an apartment where they found and arrested appellant and
K.F.,[1]
one of appellant=s
accomplices.  Police searched the
apartment and found a .25 caliber gun and a sawed-off shotgun in a hallway
closet.  Near K.F., who was sitting on a
couch in the living room, police found a blue bandana and a dark jacket
containing three of Marcia=s
rings.  Upon searching appellant, police
found several items in his pants pocket, including two of Marcia=s rings,
cash, a .25 caliber bullet, and two lottery tickets.  K.F.=s pants
pockets contained two .25 caliber bullets and a bullet that could be used with
the sawed-off shotgun.  








About a week after the robbery,
police called Darlene and Marcia to the police station to view a videotaped
lineup that included appellant.  Marcia
identified appellant as their robber,[2]
and Darlene made a Astrong
tentative@ identification of appellant but
did not positively identify him.  At
trial, Darlene and Marcia testified about the robbery, and Marcia made an
in-court identification of appellant. 
Darlene and Marcia both testified that the dark jacket police found in
the apartment resembled the one their robber wore. 

Also at trial, K.F. testified for
the State pursuant to a plea agreement. 
According to K.F., he, appellant, and a third accomplice had two guns
and decided to rob the male apartment resident in the parking lot.  K.F. testified that he was high on various
drugs during the robbery and could not remember which gun he used or who else
had one.  K.F. remembered that a car
pulled into the parking lot during the robbery and that he heard its doors shut
but did not remember seeing or robbing Darlene or Marcia.  K.F. said appellant was with him when he
heard the car doors shut as he was robbing the male apartment resident.  He also testified that he wore a Ablack
hoody@ and a
bandana during the robbery and identified the bandana police found on the couch
as the one he had worn.








In his sole issue, appellant
claims the evidence is factually insufficient to support his conviction.  Specifically, he claims the evidence was
insufficient to establish his identity as Darlene and Marcia=s
assailant. In conducting a factual-sufficiency review of the jury=s determination,
we do not view the evidence Ain the
light most favorable to the prosecution.@  Cain v. State, 958 S.W.2d 404, 407
(Tex. Crim. App. 1997).  Instead, we view
the evidence in a neutral light and inquire whether the jury was rationally
justified in finding guilt beyond a reasonable doubt.  Zuniga v. State, 144 S.W.3d 477, 484
(Tex. Crim. App. 2004).  We may find the
verdict factually insufficient in two ways. 
First, when considered by itself, the evidence supporting the verdict
may be too weak to support the finding of guilt beyond a reasonable doubt.  Id. 
Second, after weighing the evidence supporting the verdict, the
contrary evidence may be strong enough that the beyond-a-reasonable-doubt
standard could not have been met.  Id.  We must discuss the evidence appellant
claims is the most important in allegedly undermining the jury=s
verdict.  Sims v. State, 99 S.W.3d
600, 603 (Tex. Crim. App. 2003). 
However, we must employ appropriate deference so that we do not
substitute our judgment for that of the fact-finder.  Zuniga, 144 S.W.3d at 482.  Our evaluation should not intrude upon the
fact-finder=s role as the sole judge of the
weight and credibility given to any witness=s
testimony.  Cain, 958 S.W.2d at
407 & nn.4B5.

We find the evidence, viewed in a
neutral light, factually sufficient to support appellant=s
conviction.  Shortly after the robbery,
police apprehended appellant, who had in his possession two of Marcia=s rings,
cash, a bullet, and two lottery tickets. 
Police also found him near two guns linked to the robbery and near a
dark jacket that Darlene and Marcia likened to their robber=s jacket
and that contained Marcia=s
jewelry.  Further, although appellant
correctly points out that Darlene did not see her robber=s face,
she nonetheless made a strong tentative identification of him and testified
that his accomplice wore a dark bandana, which the trial evidence linked to
K.F., not to appellant.  Moreover, Marcia
testified that she clearly saw appellant=s face
and recognized him in the lineup and in court. 
Although appellant claims Marcia=s
testimony was unreliable because she was distracted during the robbery, turned
her back to the robber when she tried to leave with her purse, and could only
describe some of his clothing, the jury, as sole judge of the weight and
credibility of witness testimony, was entitled to believe Marcia=s
account.  See Cain, 958 S.W.2d at
407 & nn.4B5; Banks v. State, 124
S.W.3d 879, 883 (Tex. App.CHouston
[14th Dist.] 2003, pet. ref=d).  








Finally, appellant claims K.F.=s
testimony suggests that either K.F. or the third accomplice robbed Darlene and
Marcia.  K.F. was sitting near the
clothing linked to the robbery when he was arrested.  K.F. also said he wore a black hoody and that
appellant was with him while he robbed the male apartment resident.  However, K.F. admitted he was high during the
robbery and frequently replied to questions by stating that he could not
remember.[3]  The jury was entitled to consider these
factors in determining the weight and credibility of his testimony.  See Cain, 958 S.W.2d at 407 & nn.4B5.  Viewing the evidence in a neutral light, we
conclude the evidence is not too weak, nor the contrary evidence too strong, to
support guilt beyond a reasonable doubt. 
Accordingly, we overrule appellant=s sole
issue. 

We affirm the trial court=s
judgment.

 

/s/        Leslie Brock Yates

Justice

 

Judgment
rendered and Memorandum Opinion filed March 21, 2006.

Panel
consists of Chief Justice Hedges and Justices Yates and Anderson.

Do Not
Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  Because K.F.
was fifteen years old at the time of appellant=s trial,
we use only his initials here.





[2]  The attending
officer testified Marcia Astarted breathing real heavily and tears started
flowing down her cheeks@ when she saw appellant on the video.





[3]  K.F. testified
he did not remember so often that the prosecutor reminded him his plea bargain
was conditioned on his truthfulness.