# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00208-CR

**Frederick Leamon Grayson, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT NO. 51,591, HONORABLE RICK MORRIS, JUDGE PRESIDING

A jury found appellant Frederick Leamon Grayson guilty of aggravated assault. *See* Tex. Pen. Code Ann. § 22.02(a)(2) (West 1994). The jury assessed punishment, enhanced by a previous felony conviction, at imprisonment for life and a $10,000 fine. In his only point of error, appellant contends the evidence is factually insufficient to sustain the guilty verdict. Finding no merit to this contention, we affirm the conviction.

### *Preservation of error*

The State urges that appellant did not preserve his factual sufficiency claim for review. The State acknowledges that the legal sufficiency of the evidence may be challenged for the first time on appeal. *Rankin v. State*, 46 S.W.3d 899, 901 (Tex. Crim. App. 2001). The State contends,

however, that a factual sufficiency claim must be raised in the trial court in order to preserve the issue for appeal under the terms of Texas Rule of Appellate Procedure 33.1. This rule provides that as a prerequisite to presenting a complaint for appellate review, the record must show that a timely and specific request, objection, or motion was made to and ruled on by the trial court. Tex. R. App. P. 33.1(a)(1).

The State does not suggest the manner by which a factual sufficiency complaint should be preserved in the trial court. A motion for directed verdict is a challenge to the *legal* sufficiency of the evidence. *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). A motion for new trial is a prerequisite to appellate review in a criminal case only when necessary to adduce facts not in the record. Tex. R. App. P. 21.2; *see Davila v. State*, 930 S.W.2d 641, 648 (Tex. App.—El Paso 1996, pet. ref'd) (motion for new trial unnecessary in order to raise factual sufficiency claim on appeal).

This Court has held that both the legal and the factual sufficiency of the State's evidence may be challenged for the first time on appeal. *Givens v. State*, 26 S.W.3d 739, 741 (Tex. App.—Austin 2000, pet. ref'd). The State does not persuade us to alter that view.

### *Factual sufficiency*

Latoya Scott was shot in the shoulder as she slept on the night of May 20, 2000. She was unable to identify the person who shot her, but did testify that appellant, the father of her child, had previously threatened to kill her. Scott's companion on the night of the shooting, Eugene Scull, testified that he was awakened by a noise. He then saw appellant lean through the bedroom window

and fire at Scott. Killeen Police Officer Dora Major testified that Scull told her at the scene that Scott had been shot by the father of her child. Officer Monty Steven Miller testified that his written report of the shooting reflected that Scull was not able to identify the shooter. Scull's initial written statement to the police did not mention appellant.

Jerry Lee Davis, a jail inmate, testified that appellant told him in a jail conversation that he shot his girlfriend because she was "with another guy." Defense witness Lawrence Kendrick testified that appellant was with him at the time of the shooting.

A factual sufficiency review asks whether a neutral review of all the evidence, both for and against the finding of guilt, demonstrates that the proof of guilt is so obviously weak or so greatly outweighed by contrary proof as to undermine confidence in the jury's determination. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). We must maintain appropriate deference to the jury's verdict by reversing for factual insufficiency only when the record clearly indicates that the verdict is wrong and manifestly unjust. *Id*. at 9; *Reina v. State*, 940 S.W.2d 770, 773 (Tex. App.—Austin 1997, pet. ref'd). We are not free to reweigh the evidence and set aside a verdict merely because we feel that a different result is more reasonable. *Clewis v. State*, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996); *Reina*, 940 S.W.2d at 773. A decision is not manifestly unjust merely because the fact finder resolved conflicting views of the evidence in the State's favor. *Roise v. State*, 7 S.W.3d 225, 233 (Tex. App.—Austin 1999, pet. ref'd).

Finding no manifest injustice in the jury's verdict, we overrule the point of error and affirm the judgment of conviction.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed:   December 13, 2001

Publish