Affirmed and Opinion filed December 23, 2003















Affirmed and Opinion filed December 23,
 2003.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00149-CR

____________

 

WILLIAM BANKS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 248th
District Court

Harris County, Texas

Trial Court Cause No. 904,851

 



 

O P I N I O N

Appellant William Banks was found guilty of the offense of
possession of more than four grams and less than 200 grams of cocaine with the
intent to deliver.  The trial court
sentenced him to 25 years= confinement.  In two points of error, appellant claims the
evidence is legally and factually insufficient to support the jury=s verdict.  We affirm.








On March
 7, 2002,
Officers Jason Alderete and Darrin Schlosser were
patrolling a Aproblem area@ in Houston, Texas.  As the officers drove past a food market,
Officer Alderete observed appellant and several other
individuals in front of the store. 
Appellant took something out of his mouth and handed it to one of the
individuals, who quickly walked away when he noticed the police.  Officer Alderete
testified that, at the time, he believed he was witnessing a drug transaction
because drug dealers often keep their narcotics in their mouths.  The officers stopped and got out of their
patrol car.  Officer Alderete
then asked appellant to come over to him. 
However, appellant briskly walked inside the store.  

The officers followed appellant into the store.  They saw appellant walk up to a store clerk,
Clifford Williams.  Appellant then spit
something into his hand, and handed it to Williams.  Williams walked toward the rear of the store;
appellant walked toward the front of the store. 
Officer Alderete followed Williams to the back
of the store and into a storeroom.  From
a distance of less than three feet, the officer saw Williams drop several Arocks@ of what appeared to be cocaine
onto the storage room floor.  Williams
told the officer that appellant had just handed him the rocks.  Officer Alderete
collected the discarded material, which was wet with saliva.  It, in fact, tested positive as cocaine.  Appellant confessed in the patrol car that he
was forced to sell drugs in order to take care of a disabled aunt.

Appellant=s first point of error
challenges the legal sufficiency of the evidence.  In reviewing the legal sufficiency of the
evidence, we view the evidence in the light most favorable to the verdict.  See Jackson v. Virginia, 443 U.S. 307, 319 (1979).  We accord great deference Ato the responsibility of the trier of fact [to resolve fairly] conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts.@  Id.  We presume that any conflicting inferences
from the evidence were resolved by the jury in favor of the prosecution, and we
defer to that resolution.  Id. at 326. In our review, we determine
only whether Aany rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt.@  Id. at 319.








The elements of the offense for which appellant was
convicted are that a person knowingly or intentionally possesses cocaine with
the intent to deliver.  See Tex. Health & Safety Code Ann. ' 481.112(a) (Vernon Supp. 2003).  Furthermore, the offense is a first degree
felony Aif the amount of the controlled
substance to which the offense applies is, by aggregate weight, including
adulterants or dilutants, four grams or more but less
than 200 grams.@  Id. at ' 481.112(d).  Appellant argues there was no testimony that
all of the cocaine found in the storage room was the result of the transfer
from appellant to Williams.  Appellant
contends that the evidence is, therefore, legally insufficient to attribute to
him the entire quantity of narcotics found on the floor.

Officers Schlosser and Alderete
testified they saw appellant hand something to Williams in the store.  Williams then walked toward the rear of the
store.  Officer Alderete
followed Williams into a storeroom. 
Officer Alderete testified that, from a
distance of less than three feet, he saw Williams drop several rocks of what
appeared to be cocaine onto the storage room floor.  Williams testified that when appellant handed
him the rocks of cocaine he panicked, went to the back of the store, and
dropped them on the floor.  He said he
told the officer that appellant had just handed him the rocks and then directed
Officer Alderete to where he had dropped the
cocaine.  Officer Alderete
stated he collected the discarded material, and it was still wet with
saliva.  A Houston Police Department
chemist also testified the cocaine she tested was still moist, indicating it
had been wet.  Appellant argues there was
no evidence that anyone had searched the area prior to the incident and that
Williams admitted to being a cocaine user. 
Because the store was in an area known to have high drug usage,
appellant contends that there was no evidence that all of the cocaine found on
the floor of the store came directly from appellantChe proffers that some of it may
have already been in that area of the store. 


Although the officers testified that the store was located
in an area known for its drug use and Williams was an admitted cocaine user,
the jury, as finder of fact, is the exclusive judge of the credibility of the
witnesses and the weight to be afforded their testimony.  Wyatt v. State, 23
S.W.3d 18, 23 (Tex. Crim. App. 2000).  We find that given
this evidence, a rational trier of fact could have
found the essential elements of the crime. 
Specifically, a rational trier of fact could
have found that the amount of cocaine recovered by Officer Alderete
on the storage room floor was the same amount of cocaine appellant handed to
Williams.  Therefore, we overrule
appellant=s first point of error.








In his second point of error, appellant challenges the
factual sufficiency of the evidence to establish his responsibility for the
amount of narcotics charged in the indictment.[1]
We conduct a factual sufficiency review by reviewing all the evidence in a
neutral light to determine whether (1) the proof of guilt is so obviously weak
as to undermine confidence in the jury=s determination or (2) the
proof of guilt, although adequate if taken alone, is greatly outweighed by
contrary proof.  Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  We may set aside the
jury=s verdict only if it is so contrary to the overwhelming weight of the evidence as to
be clearly wrong and unjust.  Clewis
v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  Although we review the fact finder=s weighing of the evidence and
are authorized to disagree with the fact finder=s determination, our evaluation
should not substantially intrude upon the fact finder=s role as the sole judge of the
weight and credibility given to witness testimony.  Johnson, 23 S.W.3d
at 7.  In particular, we must
defer to the jury=s determination concerning what
weight to give contradictory testimonial evidence, because resolution often
turns on an evaluation of credibility and demeanor, an evaluation better suited
for jurors who were in attendance when the testimony was delivered.  Id. at 8.








Appellant claims the evidence linking him to possession of
the amount of cocaine charged in the indictment is too weak to sustain his
conviction.  Specifically, appellant
contends the evidence at trial only indicated that appellant placed some
cocaine into the hand of Williams and that Williams discarded that cocaine in
the storage room at the back of the store. 
Because appellant makes the same contention in this challengeCthat not all of the cocaine
recovered from the storeroom floor is traceable to himCas he did in his challenge to
the legal sufficiency of the evidence, the relevant testimony of Officers
Schlosser and Alderete and Williams need not be
restated here.  Taking that evidence as a
whole and viewing it in a neutral light, we cannot say the jury=s verdict was clearly wrong or
manifestly unjust.  We overrule appellant=s second point of error.

We affirm the trial court=s judgment.

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

Judgment
rendered and Opinion filed December 23, 2003.

Panel
consists of Justices Yates, Hudson, and Fowler.

Publish C Tex. R. App. P.
47.2(b).











[1]  The State contends that appellant forfeited
his right to raise this error on appeal because he failed to contend that the
evidence was factually insufficient at any time before the trial court.  The State
argues that a recent amendment to rule 33.1, adding subsection (d), now requires that criminal defendants preserve factual
sufficiency challenges in jury trials. 
Subsection (d) provides that a complaint regarding the legal or factual
sufficiency of the evidence in a nonjury case
may be made for the first time on appeal. 
Tex. R. App. P. 33.1(d)
(emphasis added).  The State contends
that, by implication, the amendment recognizes the general ruleCthat complaints must be preserved to ensure appellate
reviewCapplies to all cases tried before a jury.  We disagree. 
In criminal cases, an appellate court must always review challenges to
the sufficiency of the evidence.  Rankin v. State, 46 S.W.3d 899, 901 (Tex. Crim.
App. 2001).  AA claim
regarding sufficiency of the evidence need not be preserved for review at the
trial level and is not waived by the failure to do so.@  Id.; see also Grayson v. State, 82 S.W.3d 357, 358‑59
(Tex. App.CAustin
2001, no pet.) (holding that factual sufficiency claim need not be preserved
pursuant to Texas Rule of Appellate Procedure 33.1); Davila v. State,
930 S.W.2d 641, 648 (Tex. App.CEl Paso 1996, pet. ref'd)
(holding civil factual sufficiency preservation requirements do not apply in
criminal context).  Moreover, the
commentary to the 2002 amendments indicates that the addition of subsection (d)
was to reinstate the substance of former rule 52(d).  See Pamela Stanton Baron, William V. Dorsaneo, III, & W. Wendall
Hall, The 2002 Amendments to the Texas Rules of Appellate Procedure with
Commentary, 16th Annual Advanced Civil Appellate Practice Course (September
12, 2003) (available at www.tex-app.org).  Former rule 52(d) specifically provided that
a party desiring to raise a legal or factual sufficiency complaint on appeal in
a non‑jury case was not required to comply with rule 52(a)=s general preservation requirement.  When rule 52(d) was deleted, confusion was
created over whether a party must take affirmative steps in a civil non-jury
trial to preserve legal and factual sufficiency challenges.  Id.  The addition
of subsection (d) was targeted at clarifying this issue.  Id.