Opinion filed January 22, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed January 22,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                       Nos. 11-07-00157-CR & 11-07-00158-CR

                                                     __________

 

                                JOHN
JACOB ROUSSEAU, Appellant

                                                             V.

                                        STATE
OF TEXAS,  Appellee

 



 

                                         On
Appeal from the 244th District Court

                                                           Ector
County, Texas

                                     Trial
Court Cause Nos. C-33,288 & C-33,289

 



 

                                              M
E M O R A N D U M   O P I N I O N

 








These
appeals arise from a single trial wherein John Jacob Rousseau was convicted of
multiple offenses of aggravated sexual assault of a child and indecency with a
child.  In Cause No. 11-07-00157-CR, appellant was charged with six counts
of aggravated sexual assault and two counts of indecency with a child with
regard to a child victim referred to in the indictment as AC.I.@[1]  The jury
convicted appellant of all of the alleged counts.  The jury assessed appellant=s punishment at confinement
in the Institutional Division of the Texas Department of Criminal Justice for a
term of ninety-nine years each on the first and second counts of aggravated sexual
assault; for a term of sixty years each on the third, fourth, fifth, and sixth
counts of aggravated sexual assault; and for a term of twenty years each on
both counts of indecency with a child.

In
Cause No. 11-07-00158-CR, appellant was charged with nine counts of aggravated
sexual assault and two counts of indecency with a child with regard to a child
victim referred to in the indictment as AC.H.@[2] 
The jury acquitted appellant of the second, fourth, fifth, and sixth counts of
aggravated sexual assault.  The jury convicted appellant of the remaining
counts of aggravated sexual assault and both counts of indecency with a child. 
The jury assessed appellant=s
punishment at confinement in the Institutional Division of the Texas Department
of Criminal Justice for a term of sixty years each on the first, third,
seventh, eighth, and ninth counts of aggravated sexual assault and  for a term
of twenty years each on both counts of indecency with a child.

The
trial court ordered that all of appellant=s
sentences run concurrently.  Appellant challenges his convictions in three
issues.  We affirm.

                                                              Factual
Background

C.I.
and C.H. were appellant=s
stepdaughters.  C.I. was six years old at the time of the alleged offenses and
C.H. was eight.  C.I. testified that appellant touched her Abutt@ and Afront@ Aprivate spots@
with his hand and Ahis
private spot@ a lot of
times.  A nurse examiner that examined C.I. found three well-healed tears of
C.I.=s hymen that she
testified could only be caused by vaginal penetration.

C.H.
testified that appellant sexually assaulted her on numerous occasions by
touching Ahis private
part@ with her Aprivate part@ and her Abutt.@  She also testified that
appellant touched her private part and her butt with his hand and that one
occasion he touched her private with his mouth. C.H. further testified that
appellant rubbed her private and her butt with a Afake
private boy part.@                                                               Analysis








We
note at the outset that appellant does not challenge the sufficiency of the
evidence supporting his convictions.  In his first issue, appellant contends
that the prosecutor improperly commented during closing argument on his failure
to testify.  A comment on a defendant=s
failure to testify offends both the Texas and United States Constitutions, as
well as Texas statutory law.  U.S.
Const. amend. V; Tex. Const. art.
I, ' 10; Tex. Code Crim. Proc. Ann. art. 38.08
(Vernon 2005).  A prosecutor=s
comment amounts to an impermissible comment on a defendant=s failure to testify only
if, when viewed from the jury=s
standpoint, the comment is manifestly intended to be, or is of such character
that a typical jury would naturally and necessarily take it to be, a comment on
the defendant=s
failure to testify.  Cruz v. State, 225 S.W.3d 546, 548 (Tex. Crim. App.
2007); Bustamante v. State, 48 S.W.3d 761, 765 (Tex. Crim. App.
2001).

Appellant
challenges the following argument made by the prosecutor during closing
argument:

You tell me who has
a reason to lie here today?  Who is the only person that has a reason to lie in
this courtroom, in any statement they give or anybody that testifies for them? 
They are sitting right over there (indicating) and [appellant] started it all
off with that statement he gave to Grissom and Trujillo.

 

Appellant=s trial counsel did not
object to the prosecutor=s
argument at the time that it was made.

When a defendant
fails to object to a jury argument or fails to pursue an objection to a jury
argument to an adverse ruling, he forfeits his right to complain about the jury
argument on appeal. Cockrell v. State, 933 S.W.2d 73, 89 (Tex.
Crim. App. 1996).  Thus, appellant waived this issue for appellate review.  Even
if trial counsel had preserved this complaint, however, we conclude that the
challenged argument did not constitute an impermissible comment on appellant=s failure to testify at
trial.  Appellant offered into evidence a videotape of a lengthy statement that
he gave to Deputies Christina Grissom and David Trujillo wherein he denied
committing the charged offenses.  The challenged argument clearly relates to
appellant=s statements
to the deputies rather than a comment on his failure  to testify at trial.  The
prosecutor=s argument
in this case is analogous to the argument reviewed in Cruz wherein the
prosecutor=s argument
addressed a written statement from the defendant that was offered into
evidence.  Cruz, 225 S.W.3d at 549-50.  Appellant=s first issue is overruled.

In
his second issue, appellant contends that the trial court erred in admitting
State=s Exhibit No. 12
into evidence.  The challenged exhibit consisted of a manilla envelope
containing a miniature dildo, two packages of condoms, and an adult magazine. 
Appellant=s trial
counsel objected to the exhibit under Tex.
R. Evid. 403 on the basis that its probative value was outweighed by its
prejudicial effect.  We disagree.








In
reviewing the trial court=s
decision on the admission of evidence, appellate courts use the abuse of
discretion standard.  Torres v. State, 71 S.W.3d 758, 760 (Tex. Crim.
App. 2002); Burden v. State, 55 S.W.3d 608, 615 (Tex. Crim. App.
2001).  The trial court=s
ruling will not be reversed unless that ruling falls outside the zone of
reasonable disagreement.  Torres, 71 S.W.3d at 760; Burden, 55
S.W.3d at 615.  When a party objects to the admission of evidence on the basis
of Rule 403, the trial court is required to balance the probative value
against the potential for prejudice. Long v. State, 823 S.W.2d 259, 271
(Tex. Crim. App. 1991).  A Rule 403 balancing test includes the following
factors:  (1) the inherent probative force of the proffered item of evidence
along with (2) the proponent=s
need for that evidence against (3) any tendency of the evidence to suggest
decision on an improper basis, (4) any tendency of the evidence to confuse or
distract the jury from the main issues, (5) any tendency of the evidence to be
given undue weight by a jury that has not been equipped to evaluate the
probative force of the evidence, and (6) the likelihood that presentation of
the evidence will consume an inordinate amount of time or merely repeat
evidence already admitted.  Gigliobianco v. State, 210 S.W.3d 637, 641‑42
& n.8 (Tex. Crim. App. 2006).  The rules of evidence favor the admission of
relevant evidence and carry a presumption that relevant evidence is more
probative than prejudicial.  Jones v. State, 944 S.W.2d 642, 652 (Tex.
Crim. App. 1996). When determining whether evidence is admissible under Rule
403, we do not consider just whether the evidence is more prejudicial than
probative; we consider whether the probative value is substantially outweighed
by the danger of unfair prejudice.  Garcia v. State, 201 S.W.3d 695, 704
(Tex. Crim. App. 2006).

In
Cause No. 11-07-00158-CR, the eighth and ninth aggravated sexual assault counts
charged appellant with penetrating the female sexual organ and anus of C.H.
with an object.  As set forth above, C.H. testified that appellant sexually
assaulted her with a Afake
private boy part.@ 
Accordingly, the miniature dildo possessed significant probative value.  The
prejudicial value of the adult magazine contained in the exhibit is limited
because there was other evidence that appellant and his spouse possessed
pornography in their home.  Finally, the presence of condoms in a married
couple=s home would
not readily appear to be prejudicial.  We conclude that the trial court did not
abuse its discretion in determining that the prejudicial effect of the items
did not substantially outweigh their probative value.  Appellant=s second issue is
overruled.








Appellant
alleges ineffective assistance of trial counsel in his third issue.  To
determine whether appellant=s
trial counsel rendered ineffective assistance at trial, we must first determine
whether appellant has shown that counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s
errors. Wiggins v. Smith, 539 U.S. 510 (2003); Strickland v.
Washington, 466 U.S. 668 (1984); Andrews v. State, 159 S.W.3d 98
(Tex. Crim. App. 2005); Thompson v. State, 9 S.W.3d 808 (Tex. Crim. App.
1999).  We must indulge a strong presumption that counsel=s conduct fell within the
wide range of reasonable professional assistance, and an appellant must
overcome the presumption that, under the circumstances, the challenged action
might be considered sound trial strategy.  Strickland, 466 U.S. at 689; Tong
v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000).  A[C]ounsel is strongly
presumed to have rendered adequate assistance and made all significant
decisions in the exercise of reasonable professional judgment.@  Strickland, 466
U.S. at 690.  An allegation of ineffective assistance must be firmly founded in
the record, and the record must affirmatively demonstrate the alleged
ineffectiveness.  Thompson, 9 S.W.3d at 814. Under normal circumstances,
the record on direct appeal will not be sufficient to show that counsel=s representation was so
deficient and so lacking as to overcome the presumption that counsel=s conduct was reasonable
and professional. Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App.
2002).  Rarely will the record on direct appeal contain sufficient information
to permit a reviewing court to fairly evaluate the merits of such a serious
allegation.  Id.

Appellant
alleges five instances where his trial counsel=s
conduct was deficient.  The first instance involves trial counsel=s failure to object to the
prosecutor=s jury
argument that we addressed in the first issue.  As noted above, the trial court=s failure to object was of
no consequence because the prosecutor=s
argument did not constitute an impermissible comment on appellant=s failure to testify.  To
show ineffective assistance of counsel based on the failure to object during
trial, appellant must show the trial court would have committed error in
overruling the objection.  Ex parte White, 160 S.W.3d 46, 53 (Tex. Crim.
App. 2004).  Accordingly, trial counsel=s
failure to object to the argument cannot constitute the basis of a claim of an
ineffective assistance of counsel.








The
second, third, and fifth instances of trial counsel=s alleged deficient conduct involved his
failure to object to the court=s
charge or make a motion for acquittal on the basis that there was no legally or
factually sufficient evidence of appellant=s
guilt.  Appellant suggests that he was harmed on appeal by trial counsel=s failure to raise
evidentiary challenges at the trial court level.  Appellant is incorrect in
making this assertion because the legal sufficiency and the factual sufficiency
of the State=s
evidence may be challenged for the first time on appeal.  Rankin v. State,
46 S.W.3d 899, 901 (Tex. Crim. App. 2001) (legal sufficiency challenge); see
Grayson v. State, 82 S.W.3d 357, 358‑59 (Tex. App.CAustin 2001, no pet.)
(factual sufficiency claim).  Moreover, the evidence recited in this opinion
indicates that the State offered significant evidence of appellant=s guilt.

Lastly,
appellant contends that trial counsel rendered ineffective assistance of
counsel by failing to present favorable character evidence during the
punishment phase in mitigation of punishment.  Appellant fails to identify the
mitigating evidence he claims should have been presented.  As noted above, an
allegation of ineffective assistance must be firmly founded in the record.  Thompson,
9 S.W.3d at 814.  The record does not affirmatively demonstrate the alleged
ineffectiveness asserted by appellant because it is devoid of any reference to
any mitigation evidence trial counsel might have offered on behalf of appellant
or trial counsel=s
reasoning for not offering such evidence.   Appellant=s third issue is overruled.

                                                               This
Court=s Ruling

The
judgments of the trial court are affirmed.

 

 

TERRY McCALL

JUSTICE

 

January 22, 2009

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.

 









[1]Each of the six counts of aggravated sexual assault
with a child alleged in the indictment in Cause No. 11-07-00157-CR charged
appellant with a different offense under Tex.
Penal Code Ann. ' 22.021(a)(1)(B) (Vernon Supp. 2008), and the two
counts of indecency with a child alleged different offenses under Tex. Penal Code Ann. ' 21.11 (Vernon 2003).





[2]Each of the nine counts of aggravated sexual assault
with a child alleged in the indictment in Cause No. 11-07-00158-CR charged
appellant with a different offense under Section 22.021(a)(1)(B), and the two
counts of indecency with a child alleged different offenses under Section 21.11.