COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-121-CR

 

 

ALEXANDER
LUIS LOPEZ                                                                 APPELLANT

A/K/A ALEXANDER L.
LOPEZ

 

                                                             V.

 

THE
STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

              FROM THE 372ND
DISTRICT COURT OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

                                                  I.  INTRODUCTION

A jury convicted Appellant Alexander
Luis Lopez a/k/a Alexander L. Lopez of aggravated assault with a deadly weapon,
and the trial court sentenced him to eight years= confinement.  In one
point, Lopez argues that the evidence is legally and factually insufficient to
prove identity.  We will affirm.








                              II.  FACTUAL AND PROCEDURAL BACKGROUND

On Thanksgiving Day of 2007, members
of the Araujo family gathered for dinner at Gloria Araujo=s house.  In addition to Gloria and a number of young
children, those in attendance included Erica Araujo, Gloria=s daughter; Maria Elena Araujo (AMaria E.@), Gloria=s sister; Maria Roxanne Araujo (ARoxanne@), Elsie Araujo, and Maria Castillo (AMaria C.@), Maria E.=s daughters; and Laneilton Perry,
Erica=s boyfriend.

About the same time, Lopez; Edgar
Reza, Roxanne=s ex-boyfriend and the father of her
two children; and Jesse Muniz met for drinks. 
Roxanne and Reza had planned to meet that day so that Roxanne could
visit with her son, who was with Reza. 
Roxanne called Reza several times between 8:00 p.m. and 11:00 p.m. to
arrange a meeting, but she never managed to speak with Reza.  Instead, Roxanne spoke with Mody Oviedo, Reza=s girlfriend at the time.  Oviedo told Roxanne that she had Roxanne=s son and to not call that telephone
anymore.








Roughly around 1:00 a.m., Lopez,
Reza, Muniz, and Oviedo, all intoxicated, went to Gloria=s house.  Reza Abanged@ on the front door and asked for
Roxanne, Roxanne went outside and onto the porch with Reza, Maria E. and Maria
C. followed Roxanne outside, and Roxanne and Reza started arguing.  When Erica came outside in an attempt to Aget in between the argument@ between Roxanne and Reza, Lopez
punched Erica in the face.  Reza grabbed
Roxanne by the hair and dragged her off of the porch and towards the front of
the yard while punching her ribs.  When
Maria E. told Reza to stop and attempted to Agrab [Roxanne] back,@ Reza began hitting her too, tackling her to the ground and
punching her Aall over.@ 
Maria E. heard Muniz tell Reza to Ashoot the bitch,@ and Maria E. heard a Apop,@ felt a burning sensation on her
side, and realized that Reza had shot her. 
Around the same time that Reza and Maria E. struggled on the ground,
Muniz ran up to Roxanne and stabbed her. 
Muniz also stabbed Maria E. in her back after Reza had shot her.

Meanwhile, Gloria was inside her
house when she heard several gunshots. 
She retrieved her unloaded gun from her bedroom and headed outside,
carrying her gun in one hand and a clip in the other.  Once outside, Gloria Asaw chaos.  I seen men hurting my family, my daughter, my
nieces.@ 
After trying to pull Reza off of Roxanne, whom Reza was beating, Gloria
tried to load her gun, but Lopez took the gun from her.  Gloria ended up on the ground somehow, and
Lopez pointed the gun at her head and pulled the trigger, but the gun did not
fire because it was unloaded.  Lopez then
struck, or Apistol-whipped,@ Gloria=s head with the gun, giving her a gash on her head.








Perry also became involved in the
melee after he saw Lopez punch Erica.  He
pushed Lopez, punched him in the forehead, and chased him into the street.  Perry heard a gunshot and ran back towards Gloria=s house, where he came face to face
with Reza.  Perry Aslammed@ Reza and was on top of him when someone hit Perry=s right eye from behind with a
bottle.  After taking a Abarrage@ of kicks and punches to his head and back, Perry was stabbed
in the stomach by Reza.  AEveryone@ ran off thereafter.

The State indicted Lopez for
attempted murder and aggravated assault with a deadly weapon.  The aggravated assault count charged that
Lopez Adid intentionally or knowingly cause
bodily injury to Gloria Araujo by striking her with a firearm and the defendant
did use or exhibit a deadly weapon during the commission of the assault,
to-wit: a firearm.@ 
The jury acquitted Lopez of attempted murder but convicted him of
aggravated assault.  This appeal
followed.

                                 III.  EVIDENTIARY SUFFICIENCYCIDENTITY

In his only point, Lopez argues that
the evidence is legally and factually insufficient to prove that he committed
aggravated assault against Gloria.  He
contends that A[t]he evidence in the instant case is
completely confused and conflicted as to the identity of the person who hit
[Gloria] with the gun.@








In reviewing the legal sufficiency of
the evidence to support a conviction, we view all of the evidence in the light
most favorable to the prosecution in order to determine whether any rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v. State,
235 S.W.3d 772, 778 (Tex. Crim. App. 2007). 
This standard gives full play to the responsibility of the trier of fact
to resolve conflicts in the testimony, to weigh the evidence, and to draw
reasonable inferences from basic facts to ultimate facts.  Jackson, 443 U.S. at 319, 99
S. Ct. at 2789; Clayton, 235 S.W.3d at 778.  The trier of fact is the sole judge of the
weight and credibility of the evidence.  See
Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Brown v. State, 270
S.W.3d 564, 568 (Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 2075
(2009).  Thus, when performing a legal
sufficiency review, we may not re-evaluate the weight and credibility of the
evidence and substitute our judgment for that of the factfinder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  Instead, we Adetermine whether the necessary inferences are reasonable
based upon the combined and cumulative force of all the evidence when viewed in
the light most favorable to the verdict.@  Hooper v. State,
214 S.W.3d 9, 16B17 (Tex. Crim. App. 2007).  We must presume that the factfinder resolved
any conflicting inferences in favor of the prosecution and defer to that
resolution.  Jackson, 443 U.S. at
326, 99 S. Ct. at 2793; Clayton, 235 S.W.3d at 778.








When reviewing the factual
sufficiency of the evidence to support a conviction, we view all the evidence
in a neutral light, favoring neither party. 
Steadman v. State, 280 S.W.3d 242, 246 (Tex. Crim. App. 2009);
Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006).  We then ask whether the evidence supporting
the conviction, although legally sufficient, is nevertheless so weak that the
factfinder=s determination is clearly wrong and
manifestly unjust or whether conflicting evidence so greatly outweighs the
evidence supporting the conviction that the factfinder=s determination is manifestly
unjust.  Steadman, 280 S.W.3d at
246; Watson, 204 S.W.3d at 414B15, 417.  To reverse
under the second ground, we must determine, with some objective basis in the
record, that the great weight and preponderance of all the evidence, although
legally sufficient, contradicts the verdict. 
Watson, 204 S.W.3d at 417.

Unless we conclude that it is
necessary to correct manifest injustice, we must give due deference to the
factfinder=s determinations, Aparticularly those determinations
concerning the weight and credibility of the evidence.@ 
Johnson v. State, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000); see
Steadman, 280 S.W.3d at 246. 
Evidence is always factually sufficient when it preponderates in favor
of the conviction.  Steadman, 280
S.W.3d at 247; see Watson, 204 S.W.3d at 417.

In a criminal trial, the State must
prove that the accused was the perpetrator, and the accused stands innocent
before the court until his identity is established beyond a reasonable
doubt.  Rice v. State, 801 S.W.2d
16, 17 (Tex. App.CFort Worth 1990, pet. ref=d). 
Therefore, identification of the defendant as the person who committed
the offense charged is part of the State=s burden of proof beyond a reasonable doubt.  Johnson v. State, 673 S.W.2d 190, 196
(Tex. Crim. App. 1984).  Identity can be
established by direct or circumstantial evidence.  Earls v. State, 707 S.W.2d 82, 85
(Tex. Crim. App. 1986).








Here, several witnesses identified
Lopez as the person who struck Gloria on her head with a gun.  Erica testified that Lopez hit Gloria in the
head with Gloria=s gun after he had pointed the gun at
Gloria and pulled the trigger.  Maria C.
testified that Lopez Asnatched@ Gloria=s gun from her and that he Apistol-whipped@ her with the gun after he had pointed it at her and pulled
the trigger.  And Gloria identified Lopez
in open court as the person who struck her with her gun.[2]  Further, Maria E. testified that the person
who struck Gloria was wearing a plaid shirt, and Roxanne testified that Lopez
was wearing a plaid overshirt that night. 
Examining the evidence in the light most favorable to the verdict, we
hold that a rational trier of fact could have found beyond a reasonable doubt
that Lopez committed aggravated assault of Gloria while using or exhibiting a
gun.  See Jackson, 443 U.S. at
319, 99 S. Ct. at 2789; Clayton, 235 S.W.3d at 778.  Accordingly, the evidence is legally
sufficient to show that Lopez committed aggravated assault.

Lopez argues that the evidence is
factually insufficient to show that he committed aggravated assault because
(1) A[t]he testimony of the witnesses was
so conflicted and confused as to be wholly unreliable and insufficient,@ (2) Gloria did not identify him
in a photographic spread as the person who assaulted her, (3) Ernesto
Baez, the nephew of Gloria=s neighbor, testified that he saw a
man point a gun at Gloria but that he did not see that man in the courtroom,
(4) Perry did not see Lopez do anything to Gloria, and (5) Reza,
unlike the other witnesses, testified that he saw Lopez fire two gunshots at a
woman who was lying on the ground.








The evidence demonstrates that Gloria
failed to identify Lopez in a photographic spread that she viewed after the
incident but before going to the hospital that night, instead identifying
another person, but she did identify Lopez at trial as the person who assaulted
her, and several other witnesses who testified at trial unequivocally
identified Lopez as the person who assaulted Gloria.  See Grayson v. State, 82 S.W.3d 357,
359 (Tex. App.CAustin 2001, no pet.) (holding
evidence factually sufficient to support conviction for aggravated assault when
complainant was unable to identify defendant as the shooter but complainant=s companion identified
defendant).  Baez testified that he did
not see the person who pointed the gun at Gloria in the courtroom, but he also
explained that he was not able to get a good look at the person=s face.  Perry testified that he did not see Lopez
strike Gloria with the gun, but he explained that he did not see Lopez fighting
with anyone because he himself was Abusy@ fighting and that he never even saw
Gloria outside of her house.  And while
Reza testified that he saw Lopez fire two gunshots at a woman who was lying on
the ground, he was unable to identify the woman.








Each witness=s testimony with regard to the
totality of the events that occurred at Gloria=s house varied to a certain extent because each witness
participated in and observed those events from a different perspective.  This, however, does not in and of itself
render the evidence that Lopez struck Gloria on her head with a gun Aunreliable and insufficient.@ 
See Bowden v. State, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982)
(reasoning that some inaccuracies in a witness=s description do not automatically render the evidence
insufficient and that reconciliation of conflicts and contradictions in the
evidence is within the province of the jury). 
The jury sat as the judges of the facts, the credibility of the
witnesses, and the weight to be given to the testimony and resolved any
conflicts in the evidence regarding the issue of identity in favor of the
State.  See Cain v. State, 958
S.W.2d 404, 410 (Tex. Crim. App. 1997) (reasoning that jury=s decision is not manifestly unjust
merely because the jury resolved conflicting views of the evidence in favor of
the State).  Accordingly, examining the
evidence in a neutral light, favoring neither party, we hold that the evidence
supporting Lopez=s conviction for aggravated assault
is not so weak that the jury=s determination is clearly wrong and
manifestly unjust or that the conflicting evidence so greatly outweighs the
evidence supporting the conviction that the jury=s determination is manifestly unjust.  See Steadman, 280 S.W.3d at 246; Watson,
204 S.W.3d at 414B15, 417.  The evidence is factually sufficient to show
that Lopez committed aggravated assault. 
We overrule Lopez=s only point.

                                                  IV.  CONCLUSION

Having overruled Lopez=s sole point, we affirm the trial
court=s judgment.

 

BILL
MEIER

JUSTICE

 

PANEL:  DAUPHINOT, GARDNER, and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P.
47.2(b)

 

DELIVERED:  May 6, 2010











[1]See Tex. R.
App. P. 47.4.





[2]The strike to Gloria=s head caused her pain and left an open wound.