# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00596-CR

**Frederick Leamon Grayson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 27TH DISTRICT COURT OF BELL COUNTY
### NO. 51591, THE HONORABLE RICK MORRIS, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

In cause number 51591, appellant Frederick Leamon Grayson was convicted by a jury of aggravated assault with a deadly weapon, *see* Tex. Penal Code § 22.02(a)(2), and sentenced to life in prison, *see id.* § 12.42(b). On direct appeal, this Court affirmed appellant's conviction. *See Grayson v. State*, 82 S.W.3d 357 (Tex. App.—Austin 2001, no pet.). The mandate affirming the trial court's judgment of conviction was issued on May 10, 2002.

On August 27, 2019, this Court received appellant's *pro se* "Notice of Out of Time Appeal for Illegal Sentence," expressing his intent to "attack[ ] an illegal conviction" in cause number 51591. Appellant has already appealed this conviction, and mandate has issued. He is not entitled to a second appeal of this conviction. *See Hines v. State*, 70 S.W. 955, 957 (Tex. Crim. App. 1902) ("[O]nly one appeal can be made from a verdict and judgment of conviction in any case.").

In his notice of appeal, appellant maintains that an illegal conviction is a "void conviction" that "may be collaterally attacked at any time without regard to any time constraints"; thus, he seeks an out-of-time appeal.[1]  Even if appellant were entitled to a second appeal, this Court does not have jurisdiction to grant an out-of-time appeal; only the Court of Criminal Appeals has jurisdiction to grant an out-of-time appeal.  *Coleman v. State*, No. 03-11-00648-CR, 2011 WL 6118604, at *1 (Tex. App.—Austin Dec. 8, 2011, no pet.) (mem. op., not designated for publication); *see* Tex. Code Crim. Proc. art. 11.07, § 5 (vesting complete jurisdiction over post-conviction relief from final felony convictions in Court of Criminal Appeals); *Fletcher v. State*, 214 S.W.3d 5, 6 (Tex. Crim. App. 2007) (recognizing well-settled law that appealed conviction is "a final conviction" when conviction is affirmed by appellate court and that court's mandate of affirmance becomes final); *Ater v. Eighth Court of Appeals,* 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (affirming that Court of Criminal Appeals is "the only court with jurisdiction in final post-conviction felony proceedings.").

This Court lacks jurisdiction to consider a second appeal from appellant's final conviction or to grant an out-of-time appeal.  *See Coleman*, 2011 WL 6118604, at *1. Accordingly, we dismiss this appeal for want of jurisdiction.  *See, e.g.*, *McDonald v. State*, 401 S.W.3d 360, 361–63 (Tex. App.—Amarillo 2013, pet. ref'd) (dismissing for want of jurisdiction defendant's subsequent appeal of conviction that had previously been affirmed); *Bartee v. State*, No. 10-07-00150-CR, 2007 WL 1559219, at *1 & n.1 (Tex. App.—Waco

---

[1]  In his notice of appeal, appellant acknowledges that the appellate deadlines for perfecting appeal from his conviction have passed.  *See* Tex. R. App. P. 26.2(a) (requiring defendant to file notice of appeal within thirty or ninety days after day trial court imposes sentence in open court).  He does not acknowledge his previous appeal.

May 30, 2007, no pet.) (mem. op., not designated for publication) (dismissing appeal for want of jurisdiction because intermediate appellate court did not have jurisdiction to grant out-of-time appeal).

_____

Edward Smith, Justice

Before Chief Justice Rose, Justices Triana and Smith

Dismissed for Want of Jurisdiction

Filed:   October 23, 2019

Do Not Publish