**Jill Marion RANKIN, Appellant,**

v.

**The STATE of Texas.**

**No. 542–00.**

Court of Criminal Appeals of Texas.

June 6, 2001.

Suzanne Hudson, Arlington, for Appellant.

Danielle A. LeGault, Assist. DA, Fort Worth, for State.

## *OPINION*

MEYERS, J., delivered the unanimous opinion of the Court.

Appellant was charged by indictment with "intentionally or knowingly, by omission, caus[ing] serious bodily injury to Joseph Rankin, a child younger than 15 years of age, by failing to cover a septic tank containing liquid, at a time when the defendant had assumed care, custody, or control of Joseph ·Rankin or had a legal duty to act because the defendant was the mother of Joseph Rankin." *See* TEX. PEN. CODE § 22.04(a)(1) & (b). The second paragraph of the indictment alleged that appellant "use[d] or exhibit[ed] a deadly weapon, to-wit: a septic tank containing liquid, that in the manner of its use or intended use was capable of causing death or serious bodily injury." *See* TEX. CODE CRIM. PROC. art. 42.12 § 3g(a)(2). Appellant signed a judicial confession and entered a non-negotiated guilty plea in open court. The trial court's written plea admonishments state that appellant was charged with "Injury to Child—Serious Bodily Injury (with deadly weapon enhancement)." Appellant signed a statement in. the written plea admonishments which reads: "I hereby in open court enter my plea of guilty to the (allegations contained in the indictment ... against me)." A second sentence, which has been crossed out, reads: "I hereby in open court plead true to all allegations contained in all enhancement counts and paragraphs." The Unagreed Punishment Recommendations form, the Waiver of Rights to Appeal form and the Plea Bargain Agreement form all list the offense with which appellant was charged as "Injury to a Child—Serious Bodily Injury." The trial court's Certifi-

cate of Proceedings and Judgment and Sentence indicate that appellant pled guilty to the offense and that "the court affirmatively [found] that the [appellant] used or exhibited a deadly weapon." Appellant was sentenced to ten years in the Texas Department of Criminal Justice.

Appellant filed a general notice of appeal, which was granted by the trial court. Appellant alleged three points of error before the Court of Appeals: (1) there was insufficient evidence to support a deadly weapon finding; (2) it is legally impossible to find that a deadly weapon was used or exhibited when the conduct charged is the omission of an act; and (3) she was denied effective assistance of counsel by trial counsel's failure to put forward any testimony regarding the deadly weapon finding and his failure to adequately advise her concerning the effects of her plea. In an unpublished opinion affirming appellant's conviction, the Court of Appeals held that appellant had waived review of points one and two regarding the deadly weapon finding because she failed to preserve error before the trial court. *Rankin v. State,* No. 2–98–382–CR, slip op. at 4–6 (Tex. App.—Fort Worth December 9, 1999). The appellate court also held that, under the *Helms*[1] rule, it did not have jurisdiction to address appellant's third point of error as to ineffective assistance of counsel. *Id.* at 3–4.

We granted appellant's petition for discretionary review to determine whether "[t]he Court of Appeals erred in holding that. Appellant failed to preserve for review her complaints regarding the deadly weapon finding" and whether "[t]he Court of Appeals misconstrued existing case law and statutes by holding that it lacked jurisdiction to address Appellant's claim of ineffective assistance of counsel."

1. *Helms v. State,* 484 S.W.2d 925 (Tex.Crim.   App.1972).

■ Appellant's first ground for review before this Court includes two claims regarding the first and second points of error before the Court of Appeals, which "dealt with legal and factual insufficiency challenges to the Trial Court's deadly weapon finding." Appellant argues that sufficiency of the evidence claims can be raised for the first time on appeal and are not waived through failure to preserve error at the trial level.

■ Although appellant represents to this Court that she made a factual sufficiency claim before the Court of Appeals, a review of the record reveals that there is no argument in appellant's brief before the Second Court of Appeals or any authority cited concerning factual sufficiency. As the appellate court never addressed a claim of factual sufficiency regarding the deadly weapon finding, it is not properly before this Court. *See* TEX. RULE APP. PROC. 66.3. In addition, appellant makes no argument in her brief before this Court regarding the appellate court's holding concerning her waiver of a legal impossibility claim. *See* TEX. RULE APP. PROC. 68.4(g). We therefore will not address the second portion of appellant's first ground for review and we will address only the first portion regarding the legal sufficiency claim.

■ This Court has stated in the past that "[a]n appellate court must always address challenges to the [legal] sufficiency of the evidence." *McFarland v. State*, 930 S.W.2d 99 at 100 (Tex.Crim.App.1996) (citing Texas Rule of Appellate Procedure 90(a), now Rule 47.1, and *Garza v. State*, 715 S.W.2d 642 (Tex.Crim.App.1986)). A claim regarding sufficiency of the evidence need not be preserved for review at the trial level and is not waived by the failure to do so. *See Proctor v. State*, 967 S.W.2d 840, 842 (Tex.Crim.App.1998); *Lemell v. State*, 915 S.W.2d 486, 490 (Tex.Crim.App.

1995) (citing *McGlothlin v. State*, 896 S.W.2d 183, 190–91 (Tex.Crim.App.1995) (Meyers, J., dissenting)); GEORGE E. DIX AND ROBERT O. DAWSON, 40 TEXAS PRACTICE, CRIMINAL PRACTICE AND PROCEDURE § 3.65 (2000 Supplement).

Nor have we previously indicated that challenges to the sufficiency of the evidence concerning deadly weapon findings in particular need be preserved for review at the trial level. We have addressed this particular sufficiency challenge a number of times in the past and nothing in those opinions indicates that an objection must be made to the trial court before making such a claim on appeal. *See McCain v. State*, 22 S.W.3d 497 (Tex.Crim.App.2000); *Dowdle v. State*, 11 S.W.3d 233 (Tex.Crim.App.2000); *Gale v. State*, 998 S.W.2d 221 (Tex.Crim.App.1999). The Court of Appeals erred in holding that appellant waived a claim of legally insufficient evidence as to the deadly weapon finding by failing to preserve error in the trial court.

■ The Court of Appeals also dismissed appellant's claim of ineffective assistance of counsel for lack of jurisdiction under the *Helms* rule. *Rankin*, slip. op at 4. The *Helms* rule states that "[w]here a plea of guilty is voluntarily and understandingly made, all non-jurisdictional defects including claimed deprivation of federal due process are waived." *Helms v. State*, 484 S.W.2d at 927. However, we recently revised the *Helms* rule and stated that, "[w]hether entered with or without an agreed recommendation of punishment by the State, a valid plea of guilty or nolo contendere 'waives' or forfeits the right to appeal a claim of error only when the judgment of guilt was rendered independent of, and is not supported by, the error." *Young v. State*, 8 S.W.3d 656, 666–67 (Tex.Crim.App.2000). Because the Court of Appeals did not have the benefit

of our opinion in *Young* in rendering its decision in the instant case, we vacate the judgment of the Court of Appeals and we remand this case to that court for reconsideration in accordance with this opinion.