In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00013-CV

                                                ______________________________

 

 

                                 STEVEN MICHAEL PERRY,
Appellant

 

                                                                V.

 

                                       MARGARET FRENK, Appellee

 

 

                                                                                                  


 

 

                                           On Appeal from the County Court at Law 2

                                                             Gregg County, Texas

                                                       Trial Court
No. 2010-0343-C

 

                                                            
                                      

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            Appellant,
Steven Michael Perry, has filed with this Court a motion to dismiss the pending
appeal in this matter.  Perry represents
to this Court that the parties have reached an agreement regarding the
substance of the appeal.  In such a case,
no real controversy exists, and in the absence of a controversy, the appeal is
moot.

            We
grant the motion and dismiss this appeal.

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          February 22, 2011

Date Decided:             February 23, 2011

 






/EM> A reviewing court can frequently
speculate on both sides of an issue, but ineffective assistance claims are not built on
retrospective speculation; rather, they must "be firmly founded in the record." Id.


 From the information available to us, we can only speculate as to why counsel
acted or failed to act as they did. Id.; Ex parte Torres, 943 S.W.2d 469, 475 (Tex.
Crim. App. 1997); Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 
Without more, we must presume that counsel acted pursuant to a reasonable trial
strategy. Id.


Scheanette v. State, 144 S.W.3d 503, 510 (Tex. Crim. App. 2004).

 In the case now before this Court, Todd's trial counsel could have had a strategic reason for
not exploring the additional potential causes of the recent trauma to Angel's hymen that Todd now
raises on appeal. The record does, however, show defense counsel pursued this line of questioning
to a limited extent--but did so with absolutely no success. Given that we must presume counsel had
a strategic reason for discontinuing this line of questioning, we cannot sustain this claim of
ineffective assistance.

V. Conclusion

 The record before us does not support Todd's claims of ineffective assistance of counsel. 
Todd's failure to present his motion for new trial precludes appellate review of that motion being
overruled by operation of law. And the record before us does not demonstrate the trial court abused
its discretion regarding its decisions to admit or exclude the complained-of evidence. 

 We affirm the judgments.



 

 Jack Carter

 Justice


Date Submitted: November 7, 2007

Date Decided: November 16, 2007


Publish
1. In keeping with the parties' use of such on appeal, our opinion refers to the complainant
using the pseudonym Angel Nicole (Angel). See Tex. Code Crim. Proc. Ann. art. 57.02 (Vernon
Supp. 2007). 
2. In a criminal trial, it is not necessary to present a motion for a directed verdict in order to
challenge the sufficiency of the evidence on appeal. See Moff v. State, 131 S.W.3d 485, 488 (Tex.
Crim. App. 2004) (citing Rankin v. State, 46 S.W.3d 899, 901 (Tex. Crim. App. 2001)).