

# NUMBER 13-10-00539-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI–EDINBURG

WILLIAM THOMAS SPENCE,                                          **Appellant,**

**v.**

THE STATE OF TEXAS,                                          **Appellee.**

### On appeal from the Criminal District Court
### of Jefferson County, Texas

# MEMORANDUM OPINION

### Before Justices Rodriguez, Vela, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant, William Thomas Spence, appeals his conviction for intoxication

manslaughter, a second-degree felony.[1]   *See* TEX. PENAL CODE ANN. § 49.08 (West 2011).

---

[1]   Pursuant to a docket-equalization order issued by the Supreme Court of Texas, this case is before us on transfer from the Ninth Court of Appeals in Beaumont, Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

After a jury trial on guilt-innocence, the trial court sentenced appellant to a term of twenty years of confinement in the Texas Department of Criminal Justice—Institutional Division. By two issues, appellant argues that the trial court's decision to admit a written witness statement into evidence: (1) violated the Confrontation Clause of the Sixth Amendment to the United States Constitution; and (2) violated the hearsay rule. Appellant also asks this Court to amend the trial court's deadly weapon finding. We affirm the trial court's judgment, as modified.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The record shows that appellant caused a serious motor-vehicle accident shortly after daybreak on Labor Day 2006. While driving, appellant hit two vehicles in the oncoming lane of traffic, a pick-up truck and a Jeep. The two trucks were part of a small caravan traveling on a church-related fishing trip. A passenger in the Jeep was pinned behind the dashboard and killed. When appellant emerged from the pick-up truck he was driving, his pants were down around his knees, and his female passenger, Ronni Kay Vasquez, was nude. Appellant tested positive for cocaine and other drugs including, benzodiazepine, amphetamine, and opiates.

At trial, appellant testified that he was not intoxicated, but had fallen asleep while driving, thus causing the accident. According to appellant, Vasquez's boyfriend had committed suicide the morning before while he was lying in bed next to Vasquez. Appellant testified that to help cheer Vasquez up, he took her to the beach at about midnight and they went "skinny dipping."

On cross-examination, appellant testified that he was certain Vasquez would corroborate his story if she were present. The State then offered Vasquez's written witness

statement into evidence. Appellant's trial counsel objected that the State could have subpoenaed Vasquez to testify, but the trial court overruled the objection and admitted Vasquez's statement into evidence. The State then impeached appellant using Vasquez's witness statement. In the statement, Vasquez stated she did not recall much about the time leading up to the accident because she had taken prescription medications, "mainly Xanax and Soma's [sic.]" She also stated, "Tommy was messed up that night. He takes pills for pain in his back . . . I do remember him being messed up."

## II. ANALYSIS

### A. Admission of the Witness Statement into Evidence

On appeal, by his two issues, appellant argues the admission of Vasquez's witness statement into evidence violated his rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution and violated the hearsay rule. The State contends appellant failed to preserve error because the complaints he asserts on appeal do not comport with the objection he made in the trial court.

To preserve error, the complaint on appeal must comport with the objection lodged in the trial court. *See* TEX. R. APP. P. 33.1; *Heidelberg v. State,* 144 S.W.3d 535, 537 (Tex. Crim. App. 2004) ("[i]t is well-settled that the legal basis of a complaint raised on appeal cannot vary from that raised at trial"); *see also Bell v. State,* 938 S.W.2d 35, 54 (Tex. Crim. App. 1996). In the trial court, appellant objected only that the State could have subpoenaed Vasquez. Because appellant's complaints on appeal do not comport with his objection in the trial court, appellant has not preserved his complaints for appellate review. *See Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004) (concluding that a hearsay objection failed to preserve a confrontation-clause complaint to the admission of out-of-court

3

statements); *Butler v. State*, 872 S.W.2d 227, 237 (Tex. Crim. App. 1994) (holding that an objection that a witness was testifying from an autopsy report he did not author was not sufficiently specific to preserve a hearsay complaint for appellate review); *Lopez v. State*, 200 S.W.3d 246, 255 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (holding that an objection that a statement was hearsay, prejudicial, and double hearsay did not preserve a confrontation clause complaint for appellate review).

We also note that the Texas Court of Criminal Appeals has expressly rejected the argument that the admission of hearsay evidence is fundamental error so that error may be preserved even without a timely, specific objection. *Moore v. State,* 935 S.W.2d 124, 130 (Tex. Crim. App. 1996); *see Yanez v. State*, 199 S.W.3d 293, 308 (Tex. App.—Corpus Christi 2006, no pet.) (holding erroneous admission of hearsay is non-constitutional error subject to a harm analysis). The Court of Criminal Appeals has also held that a confrontation clause complaint is not fundamental error—it can be waived by the failure to object. *Paredes*, 129 S.W.3d at 535; *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990) ("We hold that in failing to object at trial, appellant waived any claim that admission of the videotape violated his rights to confrontation and due process/due course of law."), *overruled on other grounds by, Karanev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009). Because appellant did not preserve his complaints for appellate review, we overrule both of his issues on appeal.

## B. The Trial Court's Deadly Weapon Finding

Near the end of his appellate brief, just before the "prayer" section, appellant includes a section subtitled, "CORRECTION OF JUDGMENT." In this section, appellant argues that no affirmative deadly weapon finding was pronounced in open court, but that the

4

judgment includes an affirmative deadly weapon finding, stating in one place the weapon was a firearm and stating in another place the weapon was an automobile. Appellant asks this Court to amend the judgment "to properly reflect the [c]ourt proceedings."

We do not reach the merits, if any, of appellant's contention that no affirmative deadly weapon finding was pronounced in open court because appellant has failed to support this argument with citation to any legal authority. *See* TEX. R. APP. P. 38.1(i); *Rocha v. State*, 16 S.W.3d 1, 20 (Tex. Crim. App. 2000) (explaining an argument that is not supported by citation to legal authority presents nothing for appellate review); *see also Rankin v. State*, 46 S.W.3d 899, 901 (Tex. Crim. App. 2001) (explaining the defendant waived appellate review of a complaint that the evidence was factually insufficient to support a deadly weapon finding when no legal authority concerning the issue was presented to the court of appeals). We note, however, that the trial court, in its findings announced in open court at appellant's sentencing hearing, referred to the truck appellant was driving as a "4000-pound missile."

A review of the judgment, however, reveals a conflict regarding the special findings on the use of a deadly weapon. Although there is no reference in the record regarding the use of a firearm, page one of the judgment includes the following language:

<u>Findings on Deadly Weapon:</u>
**YES,  A FIREARM**

On the other hand, page two of the judgment includes the following special findings:

**Furthermore, the following special findings or orders apply:**
**Deadly Weapon.**

**The Court FINDS Defendant used or exhibited a deadly weapon, namely, a car, during the commission of a felony offense or during immediate flight therefrom or was a party to the offense and knew that a deadly weapon would be used or exhibited. TEX. CODE CRIM. PROC. art. 42.12 § 3g.**

5

Having reviewed the entire record, we conclude the trial court made a clerical error on the first page of its judgment, by stating the deadly weapon used was a firearm. An intermediate appellate court may modify a trial court's judgment to make the record speak the truth when it has the necessary data and information to do so. TEX. R. APP. P. 43.2(b); *see, e.g., French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (affirming the court of appeals's judgment that added an omitted deadly weapon finding to a trial court's judgment); *Cobb v. State*, 95 S.W.3d 664, 668 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (modifying a general deadly weapon finding to specify a firearm was used or exhibited during the commission of the offense). Accordingly, we delete the word "firearm" in the deadly weapon finding on the first page of the trial court's judgment and add in its place that the deadly weapon was a "car."

## III. CONCLUSION

We affirm the trial court's judgment, as modified.

_____
Gregory T. Perkes
Justice

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed the
8th day of March, 2012.

6