In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-13-00198-CR
NO. 09-13-00199-CR

REGINALD KENTA WILLIAMS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 410th District Court
Montgomery County, Texas
Trial Cause Nos. 12-05-04847-CR, 12-08-08680-CR

## MEMORANDUM OPINION

Appellant Reginald Kenta Williams appeals from convictions in two aggravated robbery cases. In a single issue, Williams contends that the trial court erred by ordering him to reimburse Montgomery County $5,500 in court-appointed attorney's fees. Because there is no evidence to support the assessment of attorney's fees, we sustain Williams's sole issue and modify the judgments in each case to delete the attorney's fee awards. We also modify the judgments to reflect that Williams pleaded guilty to the underlying offenses. Otherwise, we affirm.

1

On August 7, 2012, Williams was charged by indictment with aggravated robbery, a first-degree felony, in cause number 12-05-04847-CR. On July 10, 2012, prior to the filing of the indictment, Williams filed an affidavit of financial inability to hire counsel and requested a court-appointed attorney. The trial court granted Williams's request on the same day and appointed an attorney to represent him. On November 27, 2012, Williams was charged by indictment with aggravated robbery in cause number 12-08-08680-CR. On August 23, 2012, the trial court appointed the same attorney to represent Williams in cause number 12-08-08680-CR.

On March 18, 2013, the trial court conducted a consolidated trial on the two charges of aggravated robbery. After a jury was selected, Williams entered non-negotiated pleas of guilty to both charges. The jury convicted Williams of aggravated robbery and assessed punishment at sixty years' confinement for each offense. On March 20, 2013, the trial court signed written judgments of conviction in each case. The judgment in cause number 12-05-04847-CR assessed $5,500 in court-appointed attorney's fees against Williams. The judgment in cause number 12-08-08680-CR stated "see 12-05-04847-CR" under the heading "Atty. Fees[.]"

In his sole issue on appeal, Williams challenges the sufficiency of the evidence to support the trial court's order requiring him to pay $5,500 in court-

appointed attorney's fees.[1]  Specifically, Williams argues that the trial court found him to be indigent when it initially appointed counsel to represent him in each case and that there is no evidence in the record establishing that his financial circumstances materially changed at any time thereafter. Accordingly, Williams contends that the judgments in each case should be modified to delete the language requiring him to pay court-appointed attorney's fees. The State concedes that the assessment of court-appointed attorney's fees against Williams should be deleted from the judgments.

In order for a trial court to assess court-appointed attorney's fees against a defendant, the court must determine that the defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided. *See* Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2013); *see also Roberts v. State*, 327 S.W.3d 880, 883 (Tex. App.—Beaumont 2010, no pet.).  Further, the record must reflect some factual basis to support the determination that the defendant is capable of paying attorney's fees.  *See Youkers v. State*, 400 S.W.3d 200, 212 (Tex. App.—Dallas 2013, pet. ref'd); *Perez v. State*, 323 S.W.3d 298, 307 (Tex. App.—Amarillo 2010, pet. ref'd).   "[T]he defendant's financial resources

---

[1] We note that Williams did not object to the assessment of court-appointed attorney's fees at the trial court level.  It is well-established, however, that a challenge to the sufficiency of the evidence may be raised for the first time on appeal. *See Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010); *Rankin v. State*, 46 S.W.3d 899, 901 (Tex. Crim. App. 2001).

and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees[]" under article 26.05(g). *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). Moreover, a defendant who has been determined to be indigent by the trial court "is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2013); *see also Mayer*, 309 S.W.3d at 557 (quoting Tex. Code Crim. Proc. Ann. art. 26.04(p)). Accordingly, in the absence of any indication in the record that the defendant's financial status has in fact changed, the evidence will not support the imposition of court-appointed attorney's fees against the defendant. *Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013); *see also Roberts*, 327 S.W.3d at 883-84.

Here, the trial court determined that Williams was indigent when it initially appointed counsel to represent him in cause number 12-05-04847-CR on July 10, 2012, and again when it appointed the same counsel to represent him in cause number 12-08-08680-CR on August 27, 2012. The record, however, contains no evidence of a material change in Williams's financial circumstances between the date the trial court initially appointed counsel to represent him and the date it rendered judgment. To the contrary, the record reflects that between October and December 2012, Williams filed three motions to replace his court-appointed

4

counsel, declaring under penalty of perjury in each motion that he was indigent. Further, on March 20, 2013—the same day that the judgments of conviction were entered by the trial court—Williams's court-appointed attorney filed a motion to withdraw from representation of Williams and to appoint a new attorney to represent Williams on appeal, stating in the motion that Williams was indigent, that Williams could not afford to employ counsel, and that "there has been no change in his financial ability to hire an attorney to represent him in this case." The trial court granted the motions on March 21, 2013, expressly finding in its order that Williams was "indigent" and "entitled to the appointment of counsel to represent [him] on appeal."

The only suggestion in the record of a potential change in Williams's financial circumstances consists of a statement made by Williams to the trial court at the pretrial hearing during a discussion regarding his motions to replace his court-appointed attorney. Specifically, Williams stated to the trial court that he did not want the attorney that had been appointed by the court to represent him and that his father "was supposed to be getting [him] another lawyer." There is no indication in the record, however, that Williams's father did, in fact, retain another lawyer to represent Williams at any time. Further, even if he had, there is no indication in the record regarding whose funds were to be used to pay the lawyer's fees or when such funds became available to retain a lawyer for Williams. There is

5

also no information in the record regarding Williams's living expenses and other financial obligations, which would have been necessary in order for the trial court to properly re-evaluate Williams's indigency. Accordingly, we conclude that Williams's isolated statement during the pretrial hearing that his father was "supposed to be getting [him] another lawyer" is no evidence of a material change in Williams's financial circumstances.

Based on this record, there is no evidence to show that Williams's finances underwent a "material change" between the date the trial court initially found Williams to be indigent and the date it rendered judgment. *See* Tex. Code Crim. Proc. Ann. art. 26.04(p). Therefore, there is no evidence in the record that Williams had financial resources that would enable him to pay the court-appointed attorney's fees assessed by the trial court. *See id.* art. 26.05(g). Without evidence to demonstrate this ability, the trial court erred in ordering reimbursement of court-appointed attorney's fees. *See Mayer*, 309 S.W.3d at 557; *Roberts*, 327 S.W.3d at 884. We sustain Williams's sole issue and modify the judgments to delete the trial court's assessment of court-appointed attorney's fees against Williams. *See Mayer*, 309 S.W.3d at 557; *Youkers*, 400 S.W.3d at 212-13.

Williams separately requests that we modify the judgments entered in each case to reflect that Williams entered pleas of guilty to each offense. The judgment of conviction entered in each case states that Williams entered a plea of "Not

6

Guilty" to each offense. However, the jury charge for each case and the trial transcript reflect that Williams entered non-negotiated pleas of guilty to both charges of aggravated robbery. Therefore, it appears that the phrase "Not Guilty" under the heading "Plea to Offense" on page one of each judgment constitutes a clerical error. This Court has the authority to modify the trial court's judgment to correct clerical errors. *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993).

Therefore, in cause no. 12-05-04847-CR, we modify the trial court's judgment to delete the $5,500 assessed as court-appointed attorney's fees and to substitute the term "Guilty" for "Not Guilty" under the heading "Plea to Offense" on page one of the judgment. In cause no. 12-08-08680-CR, we modify the trial court's judgment to delete the phrase "see 12-05-04847-CR" under the heading "Atty. Fees" and to substitute the term "Guilty" for "Not Guilty" under the heading "Plea to Offense" on page one of the judgment. We affirm the judgments in each case as modified.

AFFIRMED AS MODIFIED.

_____
CHARLES KREGER
Justice

Submitted on December 3, 2013
Opinion Delivered February 12, 2014
Do not publish

Before McKeithen, C.J., Kreger and Horton, JJ.