

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1431-14

### DANNY DEMON AUSTIN, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TENTH COURT OF APPEALS
### NAVARRO COUNTY

*Per curiam.*

### O P I N I O N

An initial indictment against appellant alleged that he possessed cocaine within 1,000 feet

of Little Angels Daycare. The State filed a motion to amend the indictment to reflect that the

controlled substance in question was methamphetamine rather than cocaine. The trial court

granted the motion and entered a written order reflecting the change. The State later filed a

second motion to amend the indictment, this time to reflect that appellant committed the offense

within 1,000 feet of the Boys and Girls Club of Navarro County, rather than Little Angels

Daycare. The trial court's docket sheet reflects that a hearing was held on the State's second

motion to amend and that the motion was granted, but no written order appears in the clerk's

record. The record contains no transcript of the hearing.

The transcript of the bench trial reflects that the trial court commenced trial by reading the indictment as charging appellant with possession of methamphetamine within 1,000 feet of "Boys and Girls Club of Navarro County." The State presented evidence of appellant's proximity to the Boys and Girls Club, but did not present evidence of appellant's proximity to Little Angels Daycare. The court convicted appellant of possession within a drug-free zone.

On appeal, appellant contended in part that the evidence supporting his conviction was legally insufficient because the second indictment was never amended to reflect possession within 1,000 of the Boys and Girls Club, and the State failed to put on any evidence that possession was within 1,000 feet of Little Angels Daycare. Citing to article 1.14 of the Texas Code of Criminal Procedure, the court of appeals held that appellant's failure to object to the form or substance of the indictment or the process of amending the indictment prior to the day of trial waived error, if any. *Austin v. State*, No. 10-13-00119-CR, slip op. at 11 (Tex. App.–Waco July 31, 2014)(not designated for publication).

Appellant has filed a petition for discretionary review in which he contends that the court of appeals erroneously re-framed the issue raised and in doing so failed to address his claim that the evidence is legally insufficient to support his conviction. We agree. Appellant did not, on appeal, complain about a defect, error, or irregularity of form or substance in the indictment. *See* TEX. CRIM. APP. P. Art. 1.14(b) (if defendant does not object to "defect, error, or irregularity of form or substance" in indictment, he forfeits right to complain about such defect, error or irregularity). Rather, appellant claimed the evidence was legally insufficient to support his conviction based upon the evidence as measured against the first amended indictment. There is

no preservation requirement for claims of legal insufficiency on appeal. *Rankin v. State*, 46 S.W.3d 899, 901 (Tex. Crim. App. 2001). The court of appeals mischaracterized appellant's claim as one attacking an error of form or substance in the indictment. Appellant's sufficiency claim, however, turns upon whether the indictment was properly amended a second time. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)(even after bench trial, legal sufficiency of evidence is measured by elements of offense as defined under hypothetically correct jury charge). Thus, the threshold question, as appellant argued in his brief on appeal, is whether the second indictment was successfully amended. The court of appeals did not address this question.

We grant grounds one and three of appellant's petition for discretionary review, vacate the judgment of the court of appeals, and remand this case to that court to address appellant's argument that the evidence is legally insufficient to support his conviction. Ground two is refused without prejudice.

DELIVERED: MARCH 18, 2015
DO NOT PUBLISH