

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. PD-0205-17, PD-0206-17, PD-0207-17, & PD-0208-17

**GARY CARSON, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE SIXTH COURT OF APPEALS BOWIE COUNTY

**KELLER, P.J., filed a concurring and dissenting opinion.**

The Court holds that Appellant validly waived his right to appeal, but then it remands the case for the court of appeals to decide whether Appellant meets an exception to the waiver rules. The "exception" to which the Court refers, however, is not an exception to an explicit waiver of appeal. It is an exception to what is known as the *Helms* rule, which dictated that certain types of error were impliedly waived by a defendant's guilty plea. As I explain later, this "exception" largely abrogated the *Helms* rule, making the *Helms* rule the "exception" to a general rule allowing appeals

from non-negotiated guilty pleas, absent an explicit waiver of appeal.

In 1972, this Court held in *Helms v. State*, that where a plea of guilty is voluntarily and understandingly made, all non-jurisdictional defects, including claimed deprivations of federal due process, are waived.[1] The *Helms* rule discouraged guilty pleas because it forced a defendant to go to a full trial on the merits if he wanted to preserve issues for appeal.[2]

In response to *Helms*, the legislature amended Article 44.02 in 1977 to add this proviso, which created a somewhat different rule for plea bargains:

> . . . provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial.[3]

In *Griffin*, we held that this new rule eliminated appeals in negotiated pleas for all types of claims where the punishment did not exceed that agreed upon, but created exceptions for matters raised by written pretrial motion (and ruled upon) or on which the trial court had granted permission to appeal.[4] By allowing a defendant to enter a negotiated plea and nevertheless preserve issues by pretrial motion (or with the trial court's permission), the amendment encouraged plea bargains and discouraged the practice of trying cases solely in order to preserve an issue for appeal.[5]

---

[1] 484 S.W.2d 925, 927 (Tex. Crim. App. 1972).

[2] *Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2004).

[3] *Id*.

[4] *Id*. at 646-49.

[5] *See id*. at 646.

But the proviso applied only to negotiated pleas. The *Helms* rule remained in effect for non-negotiated pleas of guilty.[6] We later clarified, however, that the *Helms* waiver principle applied only to defects occurring before the entry of the plea, so a full statement of the *Helms* rule was that a (non-negotiated) guilty plea resulted in the (implied) waiver of nonjurisdictional[7] defects occurring prior to the entry of the plea.[8] Then, in *Young v. State*,[9] we largely abrogated the *Helms* rule[10] by holding that a non-negotiated guilty plea waived or forfeited the right to appeal a claim of error only when the judgment of guilt was rendered independent of and not supported by the error.[11]

Appellant asks us to consider whether the *Young* exception allows him to appeal his conviction in spite of any implied waiver under *Helms*. It may well be *Young* would do so if Appellant's waiver of appeal were just an implied waiver, because *Young* pretty much did away with the idea that a non-negotiated guilty plea forfeits the right to appeal. But our caselaw imposing,

---

[6] *Harrelson v. State*, 692 S.W.2d 659, 660 (Tex. Crim. App. 1985).

[7] In *Griffin*, we held that the proviso also applied to jurisdictional claims. 145 S.W.3d at 648-49.

[8] *Jack v. State*, 871 S.W.2d 741, 744 (Tex. Crim. App. 1994).

[9] 8 S.W.3d 656 (Tex. Crim. App. 2000).

[10] *Jacobsen v. State*, 398 S.W.3d 195, 202 n.28 (Tex. Crim. App. 2013) (noting abrogation of *Helms* by *Young*); *Young*, 8 S.W.3d at 666 ("As we have said, the *Helms* Rule is not justified by its premises or its precedents. It has operated to deny the full benefit of the pre-trial hearing which was authorized in 1965. Largely abrogated by an act of the legislature, its continued existence is fundamentally at odds with the public policy that is expressed in that act: to increase efficiency and decrease costs by encouraging conditional pleas of guilty and discouraging trials that have only the purpose of preserving the ability to appeal issues that were fully resolved before the trial. This Court agrees with this policy. The *Helms* Rule shall no longer be enforced in the terms in which it was stated in 1972.").

[11] *Young*, 8 S.W.3d at 667. *See also Rankin v. State*, 46 S.W.3d 899, 901-02 (Tex. Crim. App. 2001; *Monreal v. State*, 99 S.W.3d 615, 619 (Tex. Crim. App. 2003).

clarifying, and then largely abrogating a rule that a guilty plea gave rise to a limited, implied waiver of appeal has no bearing on the effect of an explicit waiver of appeal. All that is required of an explicit waiver of appeal is that the waiver be made voluntarily, knowingly, and intelligently.[12] Because Appellant executed an explicit waiver of appeal, the *Helms/Young/Rankin* line of cases cannot provide Appellant the relief that he seeks.

I concur in the Court's decision to reverse the court of appeals's judgment on the basis that Appellant validly waived his right to appeal, but I dissent from the decision to remand for further proceedings.

Filed: September 19, 2018

Publish

---

[12] *See* Court's op., *infra*.