

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00170-CR

_____

GARY CARSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 14F0102-102

Before Morriss, C.J., Burgess and Moseley,* JJ.
Memorandum Opinion on Remand by Justice Moseley

_____

*Bailey C. Moseley, Justice, Retired, Sitting by Assignment

MEMORANDUM ON REMAND

Gary Carson was convicted on open guilty pleas in the 102nd Judicial District Court of Bowie County, Texas, of three counts[1] of assault on public servants who were performing public servant duties,[2] the penalties being enhanced by previous convictions,[3] and three counts of bail jumping.[4] *Carson v. State*, 515 S.W.3d 372, 374 (Tex. App.—Texarkana 2017), *rev'd*, Nos. PD-0205-17, PD-0206-17, PD-0207-17, PD-0208-17, 2018 WL 4472228, at *5 (Tex. Crim. App. Sept. 19, 2018). Carson executed a written waiver of his right to appeal, and after a trial on punishment, the trial court sentenced him to fifty years' imprisonment in each of the assault cases and ten years' imprisonment in each of the bail jumping cases.[5] *Id.* This Court reversed and remanded the case for a new trial on punishment, having found that Carson's appellate waiver of appeal was invalid and that fundamental error was committed at sentencing. *Id.* at 385–86. The Texas Court of Criminal Appeals found that Carson's waiver was valid, reversed our judgment, and remanded the case to this Court for consideration of Carson's heretofore unaddressed

---

[1]The charges were made through four separate indictments. Carson has filed a single brief raising the same issues in all four cases. We reach the same result in the other three cases, released today in separate opinions numbered 06-15-00171-CR, 06-15-00172-CR, and 06-15-00173-CR.

[2]TEX. PENAL CODE ANN. § 22.01(b)(1) (West Supp. 2018).

[3]TEX. PENAL CODE ANN. § 12.425 (West Supp. 2018).

[4]TEX. PENAL CODE ANN. § 38.10 (West 2016).

[5]The assault charges were enhanced by two prior felony convictions, to which Carson pled true. The fifty-year sentences were to run concurrently to each other, and the ten-year sentences were to run concurrently to each other, but consecutively to the fifty-year sentences.

2

alternative argument that he may still appeal his conviction under the *Young* exception.[6] *Carson*, 2018 WL 4472228, at *5.

Under what is known as the *Helms* rule, a nonnegotiated guilty plea that is voluntarily and understandingly executed results in the implied waiver of all nonjurisdictional defects, including deprivations of due process, occurring before the entry of the plea. *Helms v. State*, 484 S.W.2d 925, 927 (Tex. Crim. App. 1972). The *Helms* rule was later expanded to apply to jurisdictional defects as well. *Griffin v. State*, 145 S.W.3d 645, 648–49 (Tex. Crim. App. 2004). However, in *Young v. State*, the Texas Court of Criminal Appeals largely abrogated the *Helms* rule by holding that a nonnegotiated guilty plea impliedly waived or forfeited the right to appeal a claim of error only when the judgment of guilt was rendered independent of and not supported by the error. *Young v. State*, 8 S.W.3d 656, 667 (Tex. Crim. App. 2000); *see also Rankin v. State*, 46 S.W.3d 899, 901–02 (Tex. Crim. App. 2001).

Carson entered a nonnegotiated guilty plea and executed an explicit waiver of appeal, but argues that he can appeal his conviction under the *Young* exception in spite of the waiver under *Helms*. However, the *Helms* rule and the *Young* exception apply only to implied waiver. *See Rankin*, 46 S.W.3d at 901–02; *Young*, 8 S.W.3d at 667. Here, Carson executed an explicit waiver of appeal. Therefore, under the facts of this case, the *Young* exception does not apply to provide Carson's requested relief. Accordingly, we overrule this point of error.

---

[6]Because the underlying facts of the case have been discussed in detail in our prior opinion in this case, we address only those facts relevant to the point of error presented on remand.

We affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:     October 25, 2018
Date Decided:       January 9, 2019

Do Not Publish

4