COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| JONATHAN RAY TUCKER, | § | |
| | | No. 08-19-00016-CR |
| Appellant, | § | |
| | | Appeal from the 297th |
| v. | § | |
| | | Judicial District Court |
| THE STATE OF TEXAS, | § | |
| | | of Tarrant County, Texas |
| Appellee. | § | |
| | | (TC# 1518931D) |
| | § | |

## **O P I N I O N**

This is an appeal from Appellant Jonathan Ray Tucker's guilty plea to possession with intent to deliver a controlled substance.[1] Appellant complains that the trial court erred by entering an affirmative deadly weapon finding in the written judgment of conviction. He posits two main arguments in that regard: (1) the trial court did not orally pronounce the deadly weapon finding, and (2) the evidence is legally insufficient to support the finding. Both claims lack sufficient merit and we affirm the judgment below.[2]

---

[1] This is a companion case to Case No. 08-19-00015-CR (TC#1505687D), which is an appeal from the trial court's judgment revoking Appellant's deferred adjudication community supervision and adjudicating him guilty for assault of a public servant. We issue separate opinions as to each case.

[2] This case was transferred from our sister court in Fort Worth pursuant to the Texas Supreme Court's docket equalization efforts. *See* TEX.GOV'T CODE ANN. § 73.001. We follow the precedents of the Fort Worth Court to the extent they might conflict with our own. *See* TEX.R.APP.P. 41.3.

## I. BACKGROUND

### A. Procedural and factual background

On January 17, 2018, Appellant was charged with possession with intent to deliver more than 4 but less than 200 grams of methamphetamine. The drugs were discovered following a search of Appellant's bedroom. During the search, law enforcement officers also documented several firearms in the bedroom. In August 2018, the State filed a deadly-weapon-finding notice that alleged Appellant used or exhibited a firearm during the commission of the offense. Appellant thereafter entered an open plea of guilty to the charge.

### B. The sentencing hearing

During Appellant's sentencing hearing, Officer Shawn Bushee of the Euless Police Department testified that he was dispatched to meet with the family of a female who passed away from a drug overdose. After contacting the decedent's family, the officer stated that he went to a home where Appellant rented a bedroom, which was the last address the female spent time before she was taken to the hospital. The owner of the residence allowed officers inside, and Officer Bushee knocked on Appellant's bedroom door.

As soon as Appellant opened the door, Officer Bushee noticed a Glock handgun case on the couch and a shotgun and handgun on lying on a bunkbed. Officer Bushee then ordered Appellant out of the bedroom and conducted a protective search of the home. The officer discovered narcotics, drug paraphernalia, and weapons in Appellant's bedroom. Appellant was the only person in his bedroom, although other people were within the home.

Through Officer Bushee, the State introduced photographs of Appellant's bedroom. The photographs depicted a safe with a firearm magazine sitting on top of it, a gun holster, knife, several small plastic baggies, and a wallet containing Appellant's driver's license, all sitting on a

table next to Appellant's bed. A loaded Glock semi-automatic firearm and a shotgun were depicted laying on the bed next to the safe. A notebook in the bedroom contained entries such as "4 molly," "28 shrooms," and "56 Bud," and photographs showed several baggies containing pills and crystal substances. A loaded revolver was also photographed in the bedroom.

Sergeant Edgar Hurtado, also with the Euless Police Department, testified during Appellant's sentencing hearing that he was called to Appellant's residence the same evening. While walking through Appellant's bedroom, he stated that he viewed three firearms, along with a bag of what appeared to be methamphetamine on the bed and another bag of what appeared to be marijuana on the table. Sergeant Hurtado testified that Appellant acknowledged that the firearms were his.

During the hearing, Sergeant Hurtado identified the loaded Glock handgun that he seized from Appellant's bedroom, as well as a loaded .22 revolver, and a shotgun. Through the sergeant, the State introduced a photograph of the interior of the safe, which contained numerous plastic baggies, some of which contained drugs. Sergeant Hurtado found additional drugs throughout Appellant's bedroom, some of which were packaged inside small baggies decorated with money signs. In total, the sergeant testified that he seized over 14 grams of methamphetamine from Appellant's bedroom, and he identified the entries of the notebook seized from the room as indicating drug weights and sale amounts.

The trial court accepted Appellant's open guilty plea to possession with the intent to deliver more than 4 grams but less than 200 grams of a controlled substance and sentenced him to 18 years' incarceration. During sentencing, the trial court announced, "[b]ased upon the totality of the evidence submitted, the [c]ourt will make a finding on the deadly weapon. Court will find the deadly weapon paragraph--enhancement paragraph true."

3

## C. Issues on appeal

Appellant's Brief raises two issues on appeal. He first contends that the deadly weapon finding as reflected on his judgment of conviction is error because the trial court did not orally pronounce the finding. Appellant next maintains that, even if the trial court did pronounce the affirmative deadly weapon finding, the finding was not supported by sufficient evidence. For the reasons set forth below, we overrule both issues and affirm the judgment.

## II. THE TRIAL COURT ORALLY PRONOUNCED THE DEADLY WEAPON FINDING

Appellant first argues that the affirmative deadly weapon finding entered on the judgment is improper, because the trial court did not orally pronounce the finding during sentencing.[3] An affirmative deadly weapon finding must be an "express" determination in order to be effective, which the trial court satisfies by explicitly saying that a deadly weapon finding is being made. *See Guthrie-Nail v. State*, 506 S.W.3d 1, 4 (Tex.Crim.App. 2015). As the State correctly indicates, the trial court orally pronounced Appellant's deadly weapon finding at sentencing. The trial court thus complied with the express determination requirement, and we overrule the issue. *See id.*

## III. SUFFICIENT EVIDENCE SUPPORTS THE DEADLY WEAPON FINDING

Appellant next argues that, even if the trial court did pronounce such a finding during sentencing, the deadly weapon finding was not supported by sufficient evidence.[4] Appellant has not shown that Issue Two warrants relief, however, because a rational trier of fact could have

---

[3]Appellant did not object to the trial court's judgment of conviction. We have an independent duty to determine if the issue was properly preserved for review. *See Mayer v. State*, 309 S.W.3d 552, 555 n.5 (Tex.Crim.App. 2010) (indicating that if an appellate court addresses an issue on the merits, it is presumed the court first fulfilled its obligation to consider procedural default) Having done so, we conclude we may consider the issue though no objection was raised below. *See French v. State*, 830 S.W.2d 607, 609 (Tex.Crim.App. 1992) (en banc) (affirming appellate court decision to reform judgment to reflect deadly weapon finding that State did not object to in trial court).

[4]Although Appellant did not raise any objection concerning this issue in the trial court, a claim regarding legal sufficiency of the evidence does not need to be preserved at the trial level to be raised on direct appeal. *See Rankin v. State*, 46 S.W.3d 899, 901 (Tex.Crim.App. 2001).

concluded that the firearms, in close proximity to a drug ledger and locked safe containing methamphetamine, were used to facilitate the possession and intended distribution of the narcotics. *See Coleman v. State*, 145 S.W.3d 649, 653-55 (Tex.Crim.App. 2004).

### A. Standard of review and controlling law

An affirmative finding of the use or exhibition of a deadly weapon may be made when it is shown that the defendant used or exhibited a deadly weapon during the commission of the offense or was a party to the offense and knew that a deadly weapon would be used or exhibited. TEX.CODE CRIM.PROC.ANN. art. 42A.054(b)-(d). A deadly weapon is "used" when the weapon is utilized to achieve its purpose as a deadly weapon, and not for some other purpose. *See Plummer v. State*, 410 S.W.3d 855, 858 (Tex.Crim.App. 2013), *citing Patterson v. State*, 769 S.W.2d 938, 941 (Tex.Crim.App. 1989) (en banc).[5] The term "exhibited a deadly weapon" indicates the weapon was consciously displayed during the commission of the offense. *Id*. A firearm is a deadly weapon *per se*. *See* TEX.PENAL CODE ANN. § 1.07(a)(17)(A); *Ex Parte Huskins*, 176 S.W.3d 818, 820 (Tex.Crim.App. 2005) (en banc).

An affirmative deadly weapon finding is not a part of a defendant's sentence. *See id*. at 820, *citing State v. Ross*, 953 S.W.2d 748, 751 (Tex.Crim.App. 1997) (en banc). The finding does not alter the range of punishment to which the defendant is exposed, or the number of years assessed. *Id*. The finding does, however, affect a defendant's eligibility for probation and parole. *See* TEX.CODE CRIM.PROC.ANN. art. 42A.054(b)-(d); TEX.GOV'T CODE ANN. § 508.145(d)(1)-(2).

---

[5] Both *Plummer* and *Patterson* cite to TEX.CODE CRIM.PROC.ANN. art. 42.12 § 3(g)(a)(2), which was repealed in 2017 and re-codified as the current TEX.CODE CRIM.PROC.ANN. art. 42A. *See* Act of May 26, 2015, 84th Leg., R.S., ch. 770, §§ 3.01, 4.01, 2015 Tex.Gen.Laws 2321, 2395 (codified at TEX.CODE CRIM.PROC.ANN. art. 42A). The legislature expressly declared that no substantive change in the law was intended by the 2017 re-codification. *Id.* § 4.01 at 2395; *see also* TEX.CODE CRIM.PROC.ANN. art. 42A.054(b)-(c).

When reviewing the sufficiency of the evidence, this Court views the evidence in the light most favorable to the factual finding and determines whether, based upon the evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements beyond a reasonable doubt. *See Queeman v. State*, 520 S.W.3d 616, 622 (Tex.Crim.App. 2017), *citing Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). We may not substitute our own judgment for the fact finder, who is the sole judge of the credibility of the witnesses and the weight to be given to their testimonies. *Id*. When a record supports contradicting inferences, we must presume that the fact finder resolved such conflicts in favor of the factual finding, even if not explicitly stated in the record. *Id.*

Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone may be sufficient to establish guilt. *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex.Crim.App. 2014). Each fact need not point directly and independently to the guilt of the defendant, so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Id.*

## B. Analysis

Appellant maintains that the firearms seized from his room created only a "hypothetical potential for danger" because no evidence indicated the weapons were loaded or that he pointed them at law enforcement. As the State indicates, the Court of Criminal Appeals rejected this argument in *Coleman v. State*, where the fact finder was permitted to infer, in the absence of actual harm or threat, that a firearm facilitated a defendant's care, custody, and management of the controlled substances. 145 S.W.3d at 653-55. Although the defendant in *Coleman* was not present when law enforcement searched the residence, the court noted that firearms, illegal drugs, a safe, and large amounts of cash were seized from a bedroom that contained mail addressed to the

6

defendant. *Id.* at 650, 653-55. Law enforcement discovered vials used to package and distribute narcotics throughout the residence, and the utilities for the home were registered in the defendant's name. *Id.* at 650. The court held that the cumulative effect of these factors could have permitted a rational jury to determine that the defendant used the weapons to facilitate his possession and delivery of the narcotics by protecting them. *Id.* at 653-55, *citing Patterson*, 769 S.W.2d at 941-42 (affirming deadly weapon finding even though the accused did not brandish weapon because the weapon reasonably could have facilitated the custody and management of the methamphetamine).

During Appellant's sentencing, Officer Bushee testified that when he first contacted Appellant, he saw two firearms in the bedroom, where he also discovered narcotics and drug paraphernalia. Sergeant Hurtado testified that he seized three firearms--a loaded semiautomatic weapon, a loaded revolver, and a shotgun--from Appellant's bedroom. He testified that these firearms were in the same room where he found drugs packaged in decorated plastic baggies and a locked safe containing additional drugs packed in plastic bags, all sitting beside a drug ledger. The State introduced photographs that confirmed this testimony and demonstrated that all three firearms were in close proximity to the locked safe, drugs, and paraphernalia.

As in *Coleman,* the cumulative effect of loaded firearms, narcotics, paraphernalia, a locked safe, and drug ledger could have permitted a rational fact finder to conclude that Appellant used the weapons to facilitate the care, custody, and management of the contraband, and intended distribution thereof. *Id.* at 655. Viewing the facts in the light most favorable to the trial court's deadly weapon finding, sufficient evidence supports the affirmative finding that Appellant used a deadly weapon to facilitate his possession with intent to deliver a controlled substance. Therefore, we also overrule Issue Two.

## IV. CONCLUSION

Having overruled all of Appellant's issues on appeal, we affirm the trial court's judgment adjudicating guilt.

JEFF ALLEY, Chief Justice

February 13, 2020

Before Alley, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)