

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00275-CR

---

RICHARD VANCE SANTANA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 69th District Court
Mooore County, Texas
Trial Court No. 6705, Honorable Kimberly Allen, Presiding

---

July 22, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

A jury convicted Appellant Richard Vance Santana of burglary of a habitation[1] and sentenced him to 45 years in prison. Through four issues on appeal, Appellant challenges a deadly weapon finding and certain court costs. We modify the bill of costs and the trial court's "Order to Withdraw Funds," and affirm the judgment.

---

[1] *See* TEX. PENAL CODE ANN. § 30.02(c)(2).

BACKGROUND

Because Appellant does not challenge the sufficiency of the evidence supporting his conviction, we discuss only the facts necessary to resolve his issues on appeal.

In April 2023, Appellant entered his former girlfriend's apartment without permission. Her roommate later arrived and discovered Appellant standing in the kitchen. According to the roommate's testimony, Appellant turned the blade of a knife while stating, "Gotcha now, bitch." The roommate recognized Appellant as a co-worker and assumed he would put the knife down. When he raised it again, she believed she would have to fight for her life. It was undisputed that Appellant was there to confront his former girlfriend, not her roommate.

## ANALYSIS

**Deadly Weapon Finding**

Appellant challenges the deadly weapon finding, arguing that the law does not permit "transferring" the use or exhibition of a deadly weapon from an intended victim to the actual victim. According to Appellant, this creates a question of statewide first impression.

Appellant's complaint was not preserved in the trial court. *See* TEX. R. APP. P. 33.1(a). He argues preservation was unnecessary because he challenges the sufficiency of evidence supporting the deadly weapon finding—a complaint that can be raised for the first time on appeal. *See Mayer v. State,* 309 S.W.3d 552, 556 (Tex. Crim. App. 2010) (a defendant need not object at trial to challenge the sufficiency of the evidence supporting

a deadly weapon finding); *Rankin v. State,* 46 S.W.3d 899, 901 (Tex. Crim. App. 2001) (same).

But Appellant's real challenge is legal,[2] not evidentiary. He asks whether the law authorizes a deadly weapon finding when an accused uses or exhibits a deadly weapon against someone other than the intended victim. This legal question should have been preserved in the trial court. *See Ruffins v. State,* 691 S.W.3d 166, 190 (Tex. App.—Austin 2024, no pet.); *Smith v. State,* 176 S.W.3d 907, 918 (Tex. App.—Dallas 2005, pet. ref'd) (holding defendant failed to preserve deadly weapon finding challenge by not objecting at trial). Appellant made no objection at sentencing and filed no motion for new trial challenging the deadly weapon finding. We conclude he forfeited appellate review by failing to present this argument to the trial court first. *See* TEX. R. APP. P. 33.1(a).

Even if preserved, Appellant's argument lacks merit. The jury charge and special issue asked whether Appellant "used or exhibited a deadly weapon, to-wit: a knife during the commission of the offense." The jury affirmatively answered this question, and the trial court pronounced the finding at sentencing and reflected it in the judgment.

The deadly weapon finding concerned the use or exhibition of a deadly weapon "during the commission of the offense"—burglary of a habitation. As charged, the law required proof that Appellant used or exhibited a deadly weapon during the commission of burglary, and the evidence shows he did exactly that. There is no requirement that the weapon be used against any particular victim or the intended victim.

---

[2] Appellant states in his brief that the question is "whether the law authorizes the deadly weapon finding under the facts presented."

3

We overrule Appellant's first issue.

**Assessed Fees and Costs**

In his remaining issues, Appellant challenges the imposition of attorney's fees and two court costs, seeking modification of the bill of costs and the trial court's August 7, 2024 "Order to Withdraw Funds." The State chose not to respond to these issues.

A court of appeals may modify an incorrect judgment when it has the necessary information to do so. *Campos-Dowd v. State,* No. 07-20-00342-CR, 2021 Tex. App. LEXIS 4553, at *7 (Tex. App.—Amarillo June 9, 2021, no pet.) (per curiam). Likewise, an appellate court has authority on direct appeal to modify a bill of costs independent of finding an error in the trial court's judgment. *Contreras v. State,* Nos. 05-20-00185-CR, 05-20-00186-CR, 2021 Tex. App. LEXIS 10137, at *22–23 (Tex. App.—Dallas Dec. 23, 2021, no pet.) (mem. op. on reh'g, not designated for publication). A defendant may challenge court costs for the first time on direct appeal when those costs are not imposed in open court and the judgment lacks an itemization. *London v. State,* 490 S.W.3d 503, 507 (Tex. Crim. App. 2016).

A. Court Appointed Attorney's Fees

Appellant complains of the bill of costs and withdrawal order imposing $500 for attorney's fees, and $970 for total costs and fees incurred. A public defender represented Appellant at trial and on appeal. The record establishes that Appellant was indigent; we find no evidence of any change in financial circumstances.

4

An indigent defendant cannot be ordered to repay court-appointed attorney's fees absent proof of a material change in financial circumstances. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g); *Cates v. State,* 402 S.W.3d 250, 252 (Tex. Crim. App. 2013). We sustain Appellant's issue and modify the bill of costs by deleting the assessment of attorney's fees. We also therefore reduce the total amount of fees and costs subject to withholding under the withdrawal order by $500.00.

B. Time Payment Fee

Appellant next challenges the inclusion of a time payment fee of $15 in the bill of costs and the total required under the withdrawal order. Texas Code of Criminal Procedure article 102.030(a) requires this fee only if a person pays "any part of a fine, court costs, or restitution" on or after the 31st day following judgment.

Here, Appellant timely appealed. A defendant's appeal suspends the duty to pay fines, court costs, and restitution. Therefore, assessing a time payment fee before the appellate mandate issues is premature. *Dulin v. State,* 620 S.W.3d 129, 132–33 (Tex. Crim. App. 2021). We sustain Appellant's issue. We delete without prejudice to subsequent assessment the $15.00 time payment fee included in the bill of costs. *See Groves v. State,* No. 07-21-00006-CR, 2021 Tex. App. LEXIS 5478, at *23 (Tex. App.— Amarillo July 9, 2021, pet. ref'd) (mem. op., not designated for publication).

C. Excessive Precept Charge

Appellant also argues that the bill of costs impermissibly charges $15.00 for a precept rather than the statutorily-authorized $8.00. While court costs are mandatory under article 42.16, courts may only impose those that are authorized by statute. *See*

TEX. CODE CRIM. PROC. ANN. arts. 42.16, 103.002; *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014).  The Texas Government Code authorizes an $8 fee for issuing subpoenas and writs, which includes precepts.  TEX. GOV'T CODE ANN. § 51.318(b)(1–2).

We sustain Appellant's issue.  We modify the bill of costs to reflect a $8 charge. We also modify the withdrawal order by deleting $7.00 from the total amount of fees and costs subject to withholding.

D.  Directions to the Clerk

The trial court clerk is directed to enter an amended bill of costs and withdrawal order complying with this opinion.  Copies shall be provided to the Texas Department of Criminal Justice and to Appellant.  *See Hernandez v. State,* No. 07-24-00383-CR, 2025 Tex. App. LEXIS 2841, at *8–9 (Tex. App.—Amarillo Apr. 28, 2025, no pet. h.) (mem. op., not designated for publication) (so requiring).

## CONCLUSION

Having overruled Appellant's first issue and made the modifications stated above, we affirm the judgment of the trial court as modified.

Lawrence M. Doss
Justice

Do not publish.

6